IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| AUXIN SOLAR, INC., and CONCEPT CLEAN ENERGY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 23-00274 |
| UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Upon consideration of defendants' motion to dismiss, and all other papers and proceedings had in this action, and upon due deliberation, it is hereby ORDERED that the motion is granted.

SO ORDERED.


Dated: _____
       New York, NY                                    _____
                                                        Timothy M. Reif, Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| AUXIN SOLAR, INC., and CONCEPT CLEAN ENERGY, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 23-00274 |
| UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' MOTION TO DISMISS

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

Of Counsel:

TARA K. HOGAN
Assistant Director

SPENCER NEFF
Attorney
Office of the Chief Counsel for
    Trade Enforcement and Compliance
United States Department of Commerce

DOUGLAS G. EDELSCHICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-9303

EMMA L. TINER
Attorney
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

January 22, 2024

Attorneys for Defendants

## **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES.................................................................................................... ii

ISSUE PRESENTED .........................................................................................................2

STATEMENT OF FACTS...................................................................................................2

I.  The Antidumping And Countervailing Duty Orders...........................................2

II.  Initiation Of The Circumvention Inquiries ........................................................2

III.  Presidential Proclamation 10414.........................................................................4

IV.  The Duty Suspension Rule...................................................................................5

V.  Commerce Finds Circumvention..........................................................................5

VI.  The Section 1581(c) Cases Challenging The Final Determinations ...................9

VII.  The Claims In This Case....................................................................................10

SUMMARY OF THE ARGUMENT.................................................................................11

ARGUMENT....................................................................................................................12

I.  Standard Of Review...........................................................................................12

II.  The Court's Section 1581(i) Jurisdiction Is Strictly Limited............................12

III.  The Court Should Dismiss The Complaint For Lack Of Jurisdiction...............14

    A.  The Claims Could Have Been Brought Pursuant To Section 1581(c).................14

    B.  The Remedies Available Under Section 1581(c) Are Not Manifestly
        Inadequate...................................................................................................19

CONCLUSION.................................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Cases:**                                                                     **Page(s):**

*Corus Staal BV v. United States*, 493 F. Supp. 2d 1276 (Ct. Int'l Trade 2007) ........................ 18

*Dorbest Ltd. v. United States*, 604 F.3d 1363 (Fed. Cir. 2010) ................................................ 20

*Erwin Hymer Grp. N. America, Inc. v. United States*, 930 F.3d 1370 (Fed. Cir. 2019) .......... 13-15

*Ex Parte McCardle*, 74 U.S. (7 Wall.) 506 (1869) ...................................................................... 12

*Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289 (Fed. Cir. 2008) ............................. 17, 19

*Intercontinental Chems., LLC v. United States*, 483 F. Supp. 3d 1232
  (Ct. Int'l Trade 2020) ................................................................................................. 18, 19

*Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324 (Fed. Cir. 2006) ......................... 14, 15

*JCM, Ltd. v. United States*, 210 F.3d 1357 (Fed. Cir. 2000) ................................................. 16, 19

*J.D. Irving, Ltd. v. United States*, 615 F. Supp. 3d, 1323 (Ct. Int'l Trade 2023) ................... 17-19

*Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321 (Fed. Cir. 2019) ...................... 20

*Michael Simon Design, Inc. v. United States*, 637 F. Supp. 2d 1218 (Ct. Int'l Trade 2010) ........ 12

*Mid Continent Nail Corp. v. United States*, 846 F.3d 1364 (Fed. Cir. 2017) .............................. 20

*Miller & Co. v. United States*, 824 F.2d 961 (Fed. Cir. 1987) ........................................ 14, 15, 18

*Nippon Steel Corp. v. United States*, 219 F.3d 1348 (Fed. Cir. 2000) ........................................ 12

*Royal United Corp. v. United States*, 714 F. Supp. 2d 1307 (Ct. Int'l Trade 2010) .................... 16

*Sakar Int'l, Inc. v. United States*, 516 F.3d 1340 (Fed. Cir. 2008) .............................................. 12

*Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) ..................................... 18

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ................................................... 1, 12

*Sunpreme Inc. v. United States*, 892 F.3d 1186 (Fed. Cir. 2018) .......................................... 14, 15

*Ugine and ALZ Belgium v. United States*, 452 F.3d 1289 (Fed. Cir. 2006) ............................ 17-18

*United States Steel Corp. v. United States*, 627 F. Supp. 2d 1374 (Ct. Int'l Trade 2009) ............ 20

**TABLE OF AUTHORITIES (continued)**

**Statutes:**                                                                                          **Page(s):**

19 U.S.C. § 1318.................................................................................................7-10, 15

19 U.S.C. § 1516a.......................................................................................13, 14, 16, 18, 20

19 U.S.C. § 1671...................................................................................................................4

19 U.S.C. § 1673...................................................................................................................4

19 U.S.C. § 1677.................................................................................................................13

19 U.S.C. § 1677j.........................................................................................................3, 4, 6

28 U.S.C. § 1581...........................................................................................................*passim*

**Presidential Proclamation:**

Proclamation 10414 of June 6, 2022, *Declaration of Emergency and Authorization for
     Temporary Extensions of Time and Duty-Free Importation of Solar Cells and
     Modules from Southeast Asia*, 87 Fed. Reg. 35,067 (June 9, 2022).........................*passim*

**Regulations:**

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In
     Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of
     Commerce Sept. 16, 2022) (the Duty Suspension Rule) .........................................*passim*

19 C.F.R. § 159.1.................................................................................................................3

19 C.F.R. § 351.102...........................................................................................................13

19 C.F.R. § 351.226.......................................................................................................3, 15

**Administrative Decisions:**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From
     the People's Republic of China: Amended Final Determination of Sales at Less
     Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dec. 7,
     2012) (AD Order).............................................................................................................2

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From
     the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017
     (Dec. 7, 2012) (CVD Order) ............................................................................................2

**TABLE OF AUTHORITIES (continued)**

**Administrative Decisions:**                                                    **Page(s):**

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75,221, 75,222 (Dep't of Commerce Dec. 8, 2022) (preliminary determinations) ........................................ 3, 5, 6

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) (final determinations) ......... *passim*

**Rules:**

USCIT R. 12 ..................................................................................................... 1, 12

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., and CONCEPT CLEAN ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Court No. 23-00274 |

DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.), defendants respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[1]  Although we note that Auxin Solar and CCE have filed a motion for preliminary injunction, jurisdiction is a threshold issue that the Court must resolve before it can act.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks,

---

[1]  In this motion, we refer to certain parties as follows:  (1) plaintiff Auxin Solar, Inc. (Auxin Solar); (2) plaintiff Concept Clean Energy, Inc. (CCE); (3) defendant United States Department of Commerce (Commerce); and (4) defendant United States Customs and Border Protection (CBP).  Copies of the final determinations and the IDMs are attached for convenience.

brackets, and citation omitted).  As we demonstrate below, residual jurisdiction pursuant to 28

U.S.C. § 1581(i) is not available because jurisdiction is, or could have been, available under 28

U.S.C. § 1581(c) and the remedies available pursuant to that statute are not manifestly inadequate.

<u>ISSUE PRESENTED</u>

Auxin Solar and CCE challenge a duty suspension rule that Commerce applied in four

recently completed circumvention proceedings for which judicial review under 28 U.S.C.

§ 1581(c) currently is being sought.

The issue is whether the complaint should be dismissed for lack of jurisdiction under 28

U.S.C. § 1581(i) because jurisdiction is, or could have been, available under 28 U.S.C. § 1581(c).

<u>STATEMENT OF FACTS</u>

I.    <u>The Antidumping And Countervailing Duty Orders</u>

In 2012, Commerce published antidumping (AD) and countervailing duty (CVD) orders

covering crystalline silicon photovoltaic cells (CSPVs), whether or not assembled into modules

(solar cells and modules), from the People's Republic of China (China).  *Crystalline Silicon*

*Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of*

*China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty*

*Order*, 77 Fed. Reg. 73,018 (Dec. 7, 2012) (AD Order); *Crystalline Silicon Photovoltaic Cells,*

*Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing*

*Duty Order*, 77 Fed. Reg. 73,017 (Dec. 7, 2012) (CVD Order) (collectively, the Orders).

II.    <u>Initiation Of The Circumvention Inquiries</u>

Markets and companies subject to AD and CVD orders may react in different ways.  One

reaction may be to try to evade or circumvent the orders, such as by moving minor assembly or

completion of the goods to a third country.  Accordingly, Commerce is authorized to initiate

investigations and make determinations as to circumvention.  19 U.S.C. § 1677j(b)(1).

Ordinarily, once Commerce makes a preliminary affirmative determination of circumvention,

Commerce will instruct Customs & Border Protection (CBP) to suspend liquidation of the

relevant entries of merchandise, and to collect estimated duty cash deposits at the applicable rate

under the AD/CVD order, as of the date the circumvention inquiry was initiated.  19 C.F.R.

§ 351.226(l)(2)(ii).[2]  If Commerce makes a final affirmative determination of circumvention as

to certain articles, those articles will be considered within the scope of an AD/CVD duty order,

even though the articles do not fall within the literal scope of the AD/CVD order.  Commerce

will direct CBP to suspend liquidation of entries of the subject merchandise and to collect cash

deposits of the estimated AD/CVD duties at the applicable rate under the AD/CVD order.

In February 2022, Auxin Solar, a domestic producer of solar modules, submitted an

allegation to Commerce that solar cells and modules completed in Cambodia, Malaysia,

Thailand, or Vietnam (Southeast Asia) using parts and components manufactured in China are

circumventing the Orders, and should be covered by the scope of the Orders.  *See Antidumping*

*and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not*

*Assembled Into Modules, From the People's Republic of China:  Preliminary Affirmative*

*Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*,

87 Fed. Reg. 75,221, 75,222 (Dep't of Commerce Dec. 8, 2022) (preliminary determinations).  In

April 2022, Commerce initiated circumvention inquiries (the circumvention inquiries).  *See id.*

---

[2]  Liquidation is the "final computation or ascertainment of duties" owed on imported merchandise.  19 C.F.R. § 159.1 ("Liquidation means the final computation or ascertainment of duties on entries for consumption or drawback entries.").  Because liquidation generally must occur within a statutory timeframe, suspension of liquidation allows for the calculation of the appropriate AD/CVD duty rate.

Auxin Solar and other interested parties had the opportunity to, and in fact did, participate in the circumvention inquiries and comment upon the preliminary determinations.

III.    <u>Presidential Proclamation 10414</u>

In June 2022, President Biden issued Proclamation 10414, which declared "an emergency to exist with respect to the threats to the availability of sufficient electricity generation capacity to meet expected customer demand."  Proclamation 10414 of June 6, 2022, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067, 35,067-68 (June 9, 2022) (Proclamation 10414).  Finding that "[a] robust and reliable electric power system is . . . not only a basic human necessity, but is also critical to national security and national defense," and citing an "acute shortage of solar modules and module components," Proclamation 10414 authorized Commerce "[t]o provide relief from the emergency."  *Id.*

Specifically, Proclamation 10414 directed that Commerce "shall consider taking appropriate action under" 19 U.S.C. § 1318(a), to permit the importation of certain solar cells and modules from Southeast Asia, free of the collection of AD and CVD duties.  *Id.*  The relevant merchandise was certain solar cells and modules exported from" Southeast Asia "that are not already subject to an" AD or CVD order as of the date of the proclamation.  *Id.*  The President directed that Commerce could do so "under such regulations and under such conditions as the Secretary may prescribe" and that the duration of any such relief would be through "24 months after the date of this proclamation or until the emergency declared herein has terminated, whichever occurs first" (the termination date), "under such regulations and under such conditions as the Secretary may prescribe, the importation, free of the collection of duties and estimated duties, if applicable, under" 19 U.S.C. §§ 1671 (CVD orders), 1673 (AD orders), and 1677j

(prevention of circumvention of AD and CVD orders), "of certain solar cells and modules, exported from" Southeast Asia "that are not already subject to an" AD or CVD "order as of the date of this proclamation, and to temporarily extend during the course of the emergency the time therein prescribed for the performance of any act related to such imports."  *Id.*

IV.    The Duty Suspension Rule

After a notice and comment process, Commerce promulgated regulations that implemented Proclamation 10414 and became effective in November 2022.  *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) (the Duty Suspension Rule).  Specifically, "in the event of an affirmative preliminary or final determination in" the circumvention inquiries, the rule "extends the time for, and waives, the suspension of liquidation, the application of certain AD/CVD duties, and the collection of cash deposits on" solar cells and modules that are completed in Southeast Asia using parts and components manufactured in China, and that are not already subject to an AD or CVD order.  *Id.*

V.    Commerce Finds Circumvention

In December 2022, Commerce published preliminary affirmative determinations in the circumvention inquiries.  *Preliminary Determinations*, 87 Fed. Reg. at 75,221.  Commerce preliminarily determined that certain U.S. imports of solar cells and modules are circumventing the Orders because that merchandise from Southeast Asia is completed or assembled using parts and components from China.  *Id.*

In the preliminary determinations, Commerce applied Proclamation 10414 and the Duty Suspension Rule, stating that it will not direct CBP to suspend liquidation or to require cash deposits of estimated ADs and CVDs on applicable entries (from April 1, 2022, through June 6,

2024), so long as importers comply with specified certification requirements.[3]  *Preliminary Determinations*, 87 Fed. Reg. at 75,223-24.  However, Commerce stated that it will instruct CBP to resume the suspension of liquidation, collection of estimated duty cash deposits, and assessment of duties on certain entries following the termination date of Proclamation 10414.  *Id.*

In August 2023, Commerce published final affirmative determinations in the circumvention inquiries.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China:  Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) (final determinations).  Commerce again determined that certain U.S. imports of solar cells and modules are circumventing the Orders because that merchandise is completed or assembled in Southeast Asia using parts and components from China within the meaning of 19 U.S.C. § 1677j(b).  *Id.*

In the final determinations, Commerce also continued to apply Proclamation 10414 and the Duty Suspension Rule, stating that it will not direct CBP to suspend liquidation or to require cash deposits of estimated ADs and CVDs on applicable entries (from April 1, 2022, through June 6, 2024), so long as importers comply with the certification requirements.  *Final Determinations*, 88 Fed. Reg. at 57,421-22.  However, Commerce expressly stated that it would

---

[3]  Commerce established three types of certifications:  (1) "importer and exporter certifications that specific entries meet the regulatory definition of 'Applicable Entries'" in the Duty Suspension Rule; (2) "importer and exporter certifications that specific entries are not subject to suspension of liquidation or the collection of cash deposits based on the preliminary negative circumvention determinations with respect to" certain identified exporters; and (3) "importer and exporter certifications that specific entries of solar cells or solar modules from" Southeast Asia "are not subject to suspension of liquidation or the collection of cash deposits pursuant to these preliminary country-wide affirmative determinations of circumvention because the merchandise meets" certain component content requirements.  *Preliminary Determinations*, 87 Fed. Reg. at 75,224-25.

instruct CBP to resume the suspension of liquidation, collection of estimated duty cash deposits, and assessment of duties on entries following the termination date of the duty suspension. *Id.*

In the final determinations, Commerce added that "[a]ll issues raised in the case and rebuttal briefs submitted by parties in these inquiries are addressed in the Issues and Decision Memoranda" (IDMs). *Final Determinations*, 88 Fed. Reg. at 57,420. In the IDMs, Commerce addressed numerous arguments by Auxin Solar regarding Proclamation 10414, the Duty Suspension Rule, and their application in the circumvention inquiries. IDM for Circumvention Inquiry With Respect to Cambodia, Comment 26, at 113-22 (Cambodia IDM); IDM for Circumvention Inquiry With Respect to Malaysia, Comment 23, at 104-14 (Malaysia IDM); IDM for Circumvention Inquiry With Respect to Thailand, Comment 21, at 113-22 (Thailand IDM); IDM for Circumvention Inquiry With Respect to Vietnam, Comment 24, at 111-120 (Vietnam IDM). Specifically, Auxin Solar argued that "Commerce's failure to suspend liquidation and collect cash deposits from April 1, 2022, through June 6, 2022, is unlawful for many reasons and should be reversed in the final determination." *Id.* According to Auxin Solar, Commerce's actions with respect to those entries, and the Duty Suspension Rule, are inconsistent with Proclamation 10414, 19 U.S.C. § 1318(a), and other Commerce regulations. *Id.* In the final determinations, Commerce disagreed with Auxin Solar's arguments about the legality of the agency's actions and explained at length why those arguments are wrong. *Id.*

First, Commerce addressed Auxin Solar's arguments that the agency possessed no authority to declare a national emergency and had impermissibly expanded the scope of Proclamation 10414 by applying it to merchandise entered beginning on April 1, 2022, prior to the date of the proclamation. *E.g.*, Cambodia IDM at 119. Reiterating a rationale from the preamble to the Duty Suspension Rule, Commerce explained that it was not acting retroactively

because it had announced, *prior to any determination*, that were it to make an affirmative circumvention determination, it would apply the Duty Suspension Rule. *Id.* at 120. Commerce explained that by doing so, it had not expanded the scope of the President's declared emergency, but rather it had made a determination, during the course of the declared emergency, as to how to treat the relevant entries of merchandise. *Id.*

Second, Commerce addressed Auxin Solar's argument "that the retroactive application of *Presidential Proclamation 10414*" to entries prior to June 6, 2022, "is contrary to the explicit wording of the proclamation itself, because it only authorizes Commerce to take actions to permit duty-free entries of solar cells 'until 24 months after the date of this proclamation.'" Cambodia IDM at 120. Once again reiterating a rationale from the preamble to the Duty Suspension Rule, Commerce explained that Proclamation 10414 includes an end date to the time period for duty-free treatment, but it "did not specify a start date, nor did it limit the application of the waiver to only entries made after" the proclamation. *Id.* Commerce elaborated that the entries "remain unliquidated" and "have yet to have a final decision with respect to applicable duties." *Id.* Commerce added that providing "duty-free treatment to entries prior to June 6, 2022, furthers the relief goals for the national emergency declared in" the proclamation. *Id.*

Third, Commerce addressed Auxin Solar's argument that the Duty Suspension Rule's treatment of entries from April 1 through June 5, 2022, is inconsistent with Proclamation 10414 and 19 U.S.C. § 1318(a), insofar as there was no declared emergency prior to June 6, 2022. Cambodia IDM at 120-21. Commerce "disagree[d] with this interpretation" for several reasons. *Id.* at 121. Commerce began by emphasizing that section 1318(a) contains "two distinct clauses" that (1) authorize the Secretary to "extend during the continuance of such emergency the time . . . for the performance of any act," and (2) authorize the Secretary to "permit . . . the importation

- 8 -

free of duty of food, clothing, and medical, surgical, and other supplies." *Id.* (quoting 19 U.S.C. § 1318(a)).  Commerce construed the clause "during the continuance of such emergency" as applying "only to the first clause" and "not limit[ing] the second clause concerning the waiver of duties." *Id.*  Commerce added that, although some entries came into the country prior to June 6, 2022, Commerce's "*taking action* with respect to setting a definitive amount of duties for those" unliquidated entries "is not retroactive in nature as it is occurring during the continuance of the emergency as declared by the President." *Id.*  Furthermore, Commerce reasoned that Auxin Solar's interpretation of section 1318(a) is not in "harmony" with "the general operation of the AD/CVD system in the United States" as "a retrospective one." *Id.*

Fourth, Commerce addressed Auxin Solar's argument that the Duty Suspension Rule "is inconsistent with Commerce's circumvention regulations, which require Commerce to issue suspension of liquidation and cash deposit instructions to CBP in the event of an affirmative finding of circumvention."  Cambodia IDM at 121-22.  Commerce explained that its circumvention regulations "carve out an exception to otherwise applicable rules," and the Duty Suspension Regulation is specific to this situation and controls over the more general circumvention regulations.  *Id.* at 122.

VI.   <u>The Section 1581(c) Cases Challenging The Final Determinations</u>

In October 2023, Auxin Solar commenced four actions in this Court challenging various aspects of the final circumvention determination and invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1581(c).[4]  *Auxin Solar, Inc. v. United States*, Court Nos. 23-223, 23-224, 23-225,

---

[4]  Other plaintiffs have filed suit in this Court challenging the final determinations pursuant to section 1581(c).  *BYD (H.K.) Co., Ltd. v. United States*, Court No. 23-221; *Canadian Solar Int'l Ltd. v. United States*, Court No. 23-222; *Trina Solar Science & Tech. (Thailand) Ltd. v. United States*, Court Nos. 23-227, 23-228; *Red Sun Energy Long An Co. Ltd v. United States*, Court No. 23-229.  These plaintiffs have not requested an injunction.

and 23-226 (the section 1581(c) cases).  In general, Auxin Solar challenges certain technical aspects of the final determinations that, in Auxin Solar's view, did not "cover the full breadth of products that Auxin alleged are circumventing."  *E.g.*, *id.*, Court No. 23-223, Compl. ¶ 16.

The complaints in these section 1581(c) cases do not include the aforementioned arguments that Auxin Solar raised in the circumvention inquiries regarding Proclamation 10414 and the Duty Suspension Rule, even though they could have been raised because Commerce addressed each of these arguments in the IDMs accompanying the final determinations.  To date, Auxin Solar has not requested an injunction in any of the section 1581(c) cases.  In January 2024, Commerce filed the administrative record indices and IDMs in the section 1581(c) cases.

VII.  <u>The Claims In This Case</u>

On December 29, 2023, Auxin Solar and CCE filed this action invoking the Court's residual jurisdiction statute, 28 U.S.C. § 1581(i), as the jurisdictional basis for its complaint. Auxin Solar and CCE make numerous allegations regarding Proclamation 10414, the Duty Suspension Rule, and their application in the circumvention inquiries, Compl., Dec. 29, 2023, ECF No. 2, many of which repeat the arguments that Auxin Solar made in those inquiries.  For example, Auxin Solar and CCE allege that the Duty Suspension Regulation is unlawful insofar as Commerce applied the rule to entries made prior to June 6, 2022, in the final determinations, because it is inconsistent with 19 U.S.C. § 1318(a) and Proclamation 10414.  *Id.* ¶¶ 119-122. Auxin Solar and CCE further allege that "Commerce's refusal to take the actions mandated by" the circumvention regulations in reliance on the Duty Suspension Rule is unlawful."  *Id.* ¶ 145.

In their prayer for relief, Auxin Solar and CCE ask this Court to vacate the Duty Suspension Rule, to direct Commerce to instruct CBP to suspend liquidation and collect cash deposits of estimated duties on solar cells and modules covered by the final determinations, and

to direct CBP to suspend liquidation and collect cash deposits of estimated duties on solar cells and modules covered by the final determinations.  Compl. at p. 63.

## SUMMARY OF THE ARGUMENT

Auxin Solar and CCE are attempting to challenge a portion of Commerce's final affirmative circumvention determinations.  Because jurisdiction is, or could have been, available pursuant to 28 U.S.C. § 1581(c), this Court cannot exercise its limited residual jurisdiction over the complaint pursuant to section 1581(i).  The complaint should therefore be dismissed.

Auxin Solar and CCE agree with Commerce's affirmative circumvention findings, but they disagree with Commerce's decision *in the final determinations* to apply the Duty Suspension Rule to the liquidation instructions.  During the circumvention inquiries, all interested parties had an opportunity to make arguments regarding Proclamation 10414, the Duty Suspension Rule, and their potential application in those proceedings.  Indeed, Auxin Solar and other interested parties made *many* such arguments, and Commerce addressed those arguments in the final determinations for the reasons set forth in the IDMs.  In this lawsuit, Auxin Solar and CCE are asking the Court to order Commerce to *reverse* course and instruct CBP *differently* from the manner set forth *in the final determinations*.  These claims are quintessentially the types of arguments within the province of 28 U.S.C. § 1581(c).

Auxin Solar exhausted in the circumvention inquiries some but not all of the arguments it makes in the instant action, and did not include claims related to Proclamation 10414 or the Duty Suspension Rule in the complaints filed in the section 1581(c) cases.  CCE did not participate in the circumvention inquiries and did not attempt to challenge to the final determinations.  Auxin Solar and CCE are required to follow the well-established process for challenging final administrative determinations under section 1581(c), which includes preserving arguments

before Commerce and setting out allegations in a section 1581(c) complaint.  Auxin Solar cannot

circumvent the exhaustion requirement, and CCE cannot circumvent standing and timeliness

requirements, by challenging part of the final determinations in this case.[5]

Finally, Auxin Solar and CCE do not allege that the remedies under section 1581(c) are

manifestly inadequate.  Auxin Solar potentially could have sought all of the same relief it seeks

here if it had exhausted its arguments before Commerce and asserted them in the section 1581(c)

cases.  This complaint should be dismissed.

ARGUMENT

I.      Standard Of Review

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause."  *Ex Parte*

*McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869); *Nippon Steel Corp. v. United States*, 219 F.3d

1348, 1352 (Fed. Cir. 2000) (quoting *Steel Co.*, 523 U.S. at 94 (quoting *Ex Parte McCardle*));

*Michael Simon Design, Inc. v. United States*, 637 F. Supp. 2d 1218, 1223 (Ct. Int'l Trade 2010)

(quoting *Ex Parte McCardle*).  Rule 12(b)(1) provides that "a party may assert … by motion" the

defense of "lack of subject-matter jurisdiction."  USCIT R. 12(b)(1).  "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  USCIT R.

12(h)(3).

II.     The Court's Section 1581(i) Jurisdiction Is Strictly Limited

The United States "Court of International Trade, like all federal courts, is a court of

limited jurisdiction."  *Sakar Int'l, Inc. v. United States*, 516 F.3d 1340, 1349 (Fed. Cir. 2008).

---

[5]   The questions of whether Auxin Solar was required to exhaust particular arguments and whether it waived its challenges by failing to timely allege them in the complaints in the section 1581(c) cases are beyond the scope of this motion to dismiss and would be appropriately resolved in the section 1581(c) cases if and when such arguments are asserted there.

Title 28, United States Code, section 1581 governs the Court's subject matter jurisdiction in customs and trade cases against the United States.  28 U.S.C. § 1581.

Section 1581(c) provides a means for challenging Commerce's final determinations in circumvention inquiries.  It states that this Court "shall have exclusive jurisdiction of any civil action commenced under" 19 U.S.C. § 1516a.  28 U.S.C. § 1581(c).  Actions pursuant to 19 U.S.C. § 1516a provide "[j]udicial review in countervailing duty and antidumping duty proceedings," including the final determinations in the circumvention inquiries at issue here.  19 U.S.C. § 1516a(a)(2)(B)(vi).  This judicial review covers "any factual findings or legal conclusions upon which the determination is based" and is available to "any interested party who is a party to the proceeding in connection with which the matter arises[.]"  19 U.S.C. § 1516a(a)(2)(A).  An "interested party" is "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise," 19 U.S.C. § 1677(9)(A), and a "party to the proceeding" is "any interested party . . . which actively participates through written submissions of factual information or written argument, in a segment of a proceeding."  19 C.F.R. § 351.102(b).

Section 1581(i) also provides a source of residual jurisdiction for this Court to entertain "any civil action commenced against the United States . . . that arises out of any law of the United States providing for . . . administration and enforcement" of the trade laws.  28 U.S.C. § 1581(i)(1)(D).  However, residual jurisdiction under section 1581(i) is "strictly limited" and may not be invoked "when jurisdiction under another subsection of section 1581 is or could have been available, unless the remedy provided under the other subsection would be manifestly inadequate."  *Erwin Hymer Grp. N. America, Inc. v. United States*, 930 F.3d 1370, 1374-75 (Fed.

Cir. 2019) (citations omitted); *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (citations omitted).

Indeed, section 1581(i) expressly provides that "[t]his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade under section 516A(a) of the Tariff Act of 1930" pursuant to 28 U.S.C. § 1581(c).  28 U.S.C. § 1581(i)(2)(A); *see also* 28 U.S.C. § 1581(c).  In turn, section 516A(a) of the Tariff Act of 1930, codified at 19 U.S.C. § 1516a, confers jurisdiction upon this Court to review the final determinations in circumvention inquiries.  19 U.S.C. § 1516a(a)(2)(B)(vi).  Any such lawsuit that challenges a final determination in a circumvention inquiry must be filed within 30 days.  19 U.S.C. § 1516a(a)(2).

III.   <u>The Court Should Dismiss The Complaint For Lack Of Jurisdiction</u>

A.   <u>The Claims Could Have Been Brought Pursuant To Section 1581(c)</u>

The Court should dismiss this case because the claims asserted in the complaint could be, or could have been, brought pursuant to 28 U.S.C. § 1581(c), as part of challenges to the final determinations in the circumvention inquiries.  Indeed, Auxin Solar already has invoked this Court's section 1581(c) jurisdiction to review the final determinations in Court Nos. 23-223, 23-224, 23-225, and 23-226.  Auxin Solar and CCE thus cannot maintain this lawsuit under section 1581(i).  *See*, *e.g.*, *Erwin Hymer*, 930 F.3d at 1374-75; *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191-92 (Fed. Cir. 2018); *Int'l Custom Prods.*, 467 F.3d at 1327; *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987).

The conclusion that any challenge to the final determinations must be brought under section 1581(c) is compelled by several fundamental considerations.  First, the plaintiffs are undeniably challenging aspects of the final determinations.  That is demonstrated by the

unmistakable overlap between the issues raised and decided in the final determinations and those raised in this complaint. In the circumvention inquiries, Auxin Solar made numerous arguments regarding why it believed that the Duty Suspension Rule was unlawful and should not applied to the liquidation instructions in that proceeding. Cambodia IDM, Comment 26, at 113-22; Malaysia IDM, Comment 23, at 104-14; Thailand IDM, Comment 21, at 113-22; Vietnam IDM, Comment 24, at 111-120. Specifically, Auxin Solar argued that "Commerce's failure to suspend liquidation and collect cash deposits from April 1, 2022, through June 6, 2022, is unlawful for many reasons and should be reversed in the final determination." *Id.* Auxin Solar further argued that Commerce's action with respect to those entries, and the Duty Suspension Rule itself, are inconsistent with Proclamation 10414, 19 U.S.C. § 1318(a), and other Commerce regulations. *Id.* In the final determinations, Commerce disagreed with Auxin Solar's arguments about the legality of the agency's actions and explained at length the many reasons why those arguments are wrong. *Id.*

Now, in this lawsuit, Auxin Solar and CCE are making the same arguments that were addressed and rejected by Commerce in the final determinations (as well as many new arguments). Compl. ¶¶ 99-145. In particular, Auxin Solar and CCE allege that "Commerce's refusal to take the actions mandated by 19 C.F.R. § 351.226(l) in reliance upon the" Duty Suspension Rule "is an unlawful withholding and unreasonable delay of agency action." *Id.* ¶ 145. That refusal took place in the final determinations. It is well-established that any challenge to Commerce's disposition of these arguments in the final determinations must be brought under section 1581(c). *See, e.g.*, *Erwin Hymer*, 930 F.3d at 1374-75; *Sunpreme*, 892 F.3d at 1191-92; *Int'l Custom Prods.*, 467 F.3d at 1327; *Miller*, 824 F.2d at 963.

To be sure, there is not a complete overlap between the issues addressed in Commerce's final determinations and those presented in this complaint. But that fact does not affect the jurisdictional inquiry, because whether jurisdiction is or could have been available under section 1581(c) depends on whether the determination is made reviewable by 19 U.S.C. § 1516a, not on the specific issues raised before Commerce. *See Royal United Corp. v. United States*, 714 F. Supp. 2d 1307, 1314-1315 (Ct. Int'l Trade 2010) (holding that the questions of whether the APA supplies a cause of action and whether jurisdiction exists under 28 U.S.C. § 1581(i) depend upon whether the true nature of the claim is a challenge to a determination reviewable under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)). Put another way, it is not an exception to section 1581(c) jurisdiction that plaintiffs failed to raise arguments that they could have raised previously with Commerce. *JCM, Ltd. v. United States*, 210 F.3d 1357, 1360 (Fed. Cir. 2000) ("Had JCM, like AFI, objected and availed itself of review under 19 U.S.C. section 1516a(a)(2)(B)(i), it would have had the right to judicial review under 28 U.S.C. section 1581(c). JCM's claim of entitlement to share in the relief afforded to others who did participate, is without merit, and its failure to pursue its protest via the remedial path laid by Congress, deprived the Court of International Trade of subject matter jurisdiction.").

Second, Auxin Solar and CCE ask this Court to direct Commerce to instruct CBP to suspend liquidation and collect cash deposits of estimated AD/CVD duties on solar cells and modules covered by the final determinations, and to direct CBP to suspend liquidation and collect cash deposits of estimated AD/CVD duties on solar cells and modules covered by the final determinations. Compl. at p. 63. Yet, this relief, if granted, would invalidate a portion of what Commerce expressly decided *in the final determinations*.

Specifically, in the final determinations, Commerce decided to apply Proclamation 10414 and the Duty Suspension Rule notwithstanding Auxin Solar's arguments to the contrary, stating that Commerce will not direct CBP to suspend liquidation or to require cash deposits of estimated duties on applicable entries (from April 1, 2022, through June 6, 2024), so long as importers comply with the certification requirements. *Final Determinations*, 88 Fed. Reg. at 57,421-22. In this lawsuit, Auxin Solar and CCE are asking the Court to order Commerce to *reverse* course and instruct CBP *differently* from the manner set forth *in the final determinations*. Thus, in substance if not in form, the "true nature of the action" is a challenge to the final determinations for which jurisdiction is, or would be, available under section 1581(c). *See J.D. Irving, Ltd. v. United States*, 615 F. Supp. 3d, 1323, 1332 (Ct. Int'l Trade 2023) (citing *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1293 (Fed. Cir. 2008)).

Third, Auxin Solar and CCE's assertion of standing in this case depends upon alleged harm flowing from the application of the Duty Suspension Rule in the circumvention inquiries that culminated in the final determinations. Compl. ¶¶ 12-20. Indeed, 15 months passed between the promulgation of the Duty Suspension Rule and the filing of this lawsuit, and no party challenged the Duty Suspension Rule until four months after Commerce issued the final determinations. In substance, the asserted injury underlying this lawsuit is a decision made by Commerce in the final determinations.

Fourth, the complaint asks the Court to vacate the Duty Suspension Rule and to require Commerce to change its liquidation instructions to CBP from the manner set forth *in the final determinations*. Compl. at p. 63. But, a party may invoke section 1581(i) to challenge Commerce's liquidation instructions only when alleging that the instructions are *not* consistent with Commerce's underlying final determination. *See Ugine and ALZ Belgium v. United States*,

452 F.3d 1289, 1296 (Fed. Cir. 2006) ("an action challenging Commerce's liquidation

instructions [as being inconsistent with the final results] is not a challenge to the final results, but

a challenge to the 'administration and enforcement' of those final results,' and thus falls squarely

within 28 U.S.C. § 1581(i)(4)") (quoting *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297,

1305 (Fed. Cir. 2004)).  By contrast, this Court has dismissed challenges to liquidation

instructions brought under section 1581(i) that *are* consistent with the underlying final

determination.  *See*, *e.g.*, *Intercontinental Chems., LLC v. United States*, 483 F. Supp. 3d 1232,

1240 (Ct. Int'l Trade 2020); *J.D. Irving*, 615 F. Supp. 3d at 1332; *Corus Staal BV v. United

States*, 493 F. Supp. 2d 1276, 1285 (Ct. Int'l Trade 2007).  Here, there is no dispute that

Commerce's liquidation instructions are *consistent* with Commerce's statements about what

those liquidation instructions would be in the final determinations.  *See* Compl. ¶¶ 18; 86.  Auxin

Solar and CCE cannot mount an attack on the final determinations under the guise of a section

1581(i) claim.

Finally, perhaps recognizing a looming jurisdictional problem, Auxin Solar and CCE

allege that "a cause of action does not lie under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)"

because "this action does not challenge Commerce's affirmative determinations that

circumvention is in fact occurring."  Compl. ¶ 3.  This is too narrow a framing of the scope of the

Court's section 1581(c) jurisdiction.  Judicial review under that subsection is available for both

challenges to the procedural correctness as well as the substantive merits of a final

determination.  *See Miller*, 824 F.2d at 964 (citing 19 U.S.C. § 1516a(a)(2)).  Commerce

addressed and rejected Auxin Solar and other interested parties' arguments regarding

Proclamation 10414, the Duty Suspension Rule, and their application in the circumvention

inquiries.  Those aspects of the final determinations, plaintiffs allege, were adverse to them.

Compl. ¶¶ 85; 89.  Accordingly, Auxin Solar and CCE's agreement with a portion of the final determinations that circumvention exists does not entitle them to section 1581(i) jurisdiction to challenge another portion of the final determinations.  *See Intercontinental Chems.*, 483 F. Supp. 3d at 1240; *J.D. Irving*, 615 F. Supp. 3d at 1332.

In sum, Auxin Solar and CCE are improperly attempting to challenge a portion of the final determinations by invoking section 1581(i) when Auxin Solar and CCE are required to follow the well-established process for challenging final administrative determinations under 1581(c).  Auxin Solar exhausted some of its arguments, but not others, in the circumvention inquiry.  CCE did not participate in the circumvention inquiries and did not attempt to challenge the final determinations.  Auxin Solar cannot circumvent the exhaustion requirement, and CCE cannot circumvent the standing and timeliness requirements, by bringing suit pursuant to this Court's residual jurisdiction statute, 28 U.S.C. § 1581(i).  "To allow a party to elect to proceed under section 1581(i), without having first availed himself of the remedy provided by section 1581(c), would undermine the integrity of the clear path Congress intended a claimant to follow."  *JCM*, 210 F.3d at 1359.  The Court does not possess residual jurisdiction pursuant to section 1581(i) and the complaint should be dismissed.

B.    The Remedies Available Under Section 1581(c) Are Not Manifestly Inadequate

Auxin Solar and CCE do not, and cannot, allege that the remedies under section 1581(c) are manifestly inadequate.  The Federal Circuit has described the standard of "manifestly inadequate" as an "exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual vain."  *Hartford Fire Ins.*, 544 F.3d at 1294 (citation and internal quotations omitted).  That standard is not met here.

Auxin Solar potentially could have sought all of the same relief it seeks here if it would have exhausted its arguments before Commerce and asserted them in the section 1581(c) cases. Likewise, CCE did not participate in the circumvention inquiries and did not attempt to challenge the final determinations.  The failure to take advantage of available administrative remedies does not render section 1581(c) jurisdiction manifestly inadequate.  *See Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1330 (Fed. Cir. 2019).

To the extent that Auxin Solar and CCE may argue that they are challenging the Duty Suspension Rule separate and apart from the final determinations, that would not show that the remedies available under section 1581(c) are manifestly inadequate.  As noted above, judicial review is or could have been available under section 1581(c) to challenge the substantive merits of Commerce's decision to apply the Duty Suspension Rule in the final determinations.  In particular, the Federal Circuit has held that a party may challenge the lawfulness of rules or regulations impacting the validity of a final determination in the context of a challenge to such a determination under section 1581(c).  *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1380 (Fed. Cir. 2017) (setting aside Commerce regulation as failing to comply with APA notice requirements in appeal of a final determination); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1377 (Fed. Cir. 2010) (holding Commerce regulation to be facially invalid in section 1581(c) case involving challenge to final antidumping determination); *accord United States Steel Corp. v. United States*, 627 F. Supp. 2d 1374, 1382 (Ct. Int'l Trade 2009) ("The Court, as it has done in other cases under § 1581(c), may address a facial challenge to a general agency practice employed by Commerce, as well as to the final results of an agency proceeding that is subject to judicial review under § 1516a.").  Accordingly, the remedies afforded by section 1581(c) are not manifestly inadequate.

<u>CONCLUSION</u>

For these reasons, defendants respectfully request that the Court dismiss the complaint for

lack of subject matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

 s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

Of Counsel:

SPENCER NEFF                              s/ Douglas G. Edelschick
Attorney                                  DOUGLAS G. EDELSCHICK
Office of the Chief Counsel for           Senior Trial Counsel
    Trade Enforcement and Compliance      Commercial Litigation Branch
United States Department of Commerce      Civil Division
                                          United States Department of Justice
EMMA L. TINER                             P.O. Box 480, Ben Franklin Station
Attorney                                  Washington, DC 20044
Office of the Assistant Chief Counsel     Tel: (202) 353-9303
U.S. Customs and Border Protection

January 22, 2024                          Attorneys for Defendants

CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word limitation of Court of International

Trade Standard Chambers Procedures § 2(B)(1) and contains 6,077 words, excluding the parts of

the brief exempted from the word limitation.  In preparing this certificate of compliance, I have

relied upon the word count function of the word processing system used to prepare the brief.

s/ Douglas G. Edelschick