# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE JUDGE TIMOTHY M. REIF

|  |  |
|---|---|
| AUXIN SOLAR INC. AND CONCEPT CLEAN ENERGY, INC., <br><br> *Plaintiffs*, <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br> *Defendants*. | Court No. 23-00274 |

## PROPOSED DEFENDANT-INTERVENOR NEXTERA ENERGY, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Rule 12(b) of the Rules of the United States Court of International Trade, NextEra Energy, Inc. ("NextEra" or "Proposed Defendant-Intervenor") respectfully moves to dismiss the Plaintiffs' Complaint. The Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i) because (1) the Plaintiffs' claims could have been brought pursuant to Section 1581(c), and (2) the remedies available under Section 1581(c) were not "manifestly inadequate."[1]

---

[1] Under 28 U.S.C. § 1581(c), the deadline to file a summons and complaint challenging Commerce's circumvention determinations has expired. *See* 19 U.S.C. § 1516a(a)(2)(a). To the extent that relief might no longer be available to Plaintiffs under 28 U.S.C. § 1581(c) with respect to the claims raised in this case, the "failure to invoke an available remedy within the timeframe prescribed does not render the remedy manifestly inadequate." *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1373 (Fed. Cir. 2022).

1

NextEra refers the Court to NextEra's Motion to Intervene, which provides background on this litigation. Additionally, on January 22, 2024, Defendants (collectively, "the Government") filed a Motion to Dismiss for Lack of Jurisdiction demonstrating that the Plaintiffs failed to show that the Court may exercise jurisdiction over their claims. CM/ECF 16. NextEra supports and incorporates the Government's arguments. Subject matter jurisdiction is not available here because (1) Plaintiffs could have brought their claims pursuant to 28 U.S.C. § 1581(c); and (2) the relief available under 28 U.S.C. § 1581(c) was not manifestly inadequate. NextEra respectfully provides further support for Defendants' position herein, demonstrating how Plaintiffs have failed to demonstrate that Section 1581(c)'s relief would be manifestly inadequate here.

In determining whether relief under Section 1581(c) is adequate, the Federal Circuit and Court of International Trade generally consider the "true nature" of a plaintiff's claim.[2] In this case, the true nature of Plaintiffs' claim is a request that the Court invalidate the final circumvention determinations' certifications and corresponding customs instructions.[3] Circumvention final determinations are routinely challenged pursuant to Section 1581(c), including by Auxin in this very instance.

---

[2] *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (Fed. Cir. 2022) (finding that the remedy under Section 1581(c) was not "manifestly inadequate" because the "true nature" of plaintiff's action was to challenge Customs and Border Protection's classification of goods—a cause of action that plaintiff could have brought under Section 1581(a)); *Wanxiang Am. Corp. v. United States*, 12 F.4th 1369, 1374-75 (Fed. Cir. 2021) (finding that the remedy under Section 1581(c) was not "manifestly inadequate" because the "true nature" of plaintiff's action was to protest Commerce's assessment of antidumping duties—a cause of action that plaintiff could have brought under Section 1581(c)); *Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1327-30 (Fed. Cir. 2019) (finding that the remedy under Section 1581(c) was not "manifestly inadequate" because the "true nature" of plaintiff's action was to challenge Commerce's evaluation of sales in an administrative review—a cause of action that plaintiff could have brought under Section 1581(c)).

[3] *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419, 57,425-27 (Aug. 23, 2023).

Moreover, as the Government has observed, Section 1581(c) can be used to challenge agency regulations and thus cannot be considered to provide a manifestly inadequate remedy.[4] That is, Plaintiffs cannot claim that Section 1581(i) is the only route for invalidating the application of an agency regulation; courts regularly assess regulations in the context of Section 1581(c) appeals.  The Federal Circuit, for instance, has made clear that a party may challenge the lawfulness of rules or regulations impacting the validity of a final determination in the context of a Section 1581(c) appeal.[5]

In sum, remedies available under Section 1581(c) were clearly not manifestly inadequate.  The Court should thus dismiss the Plaintiffs' Complaint for lack of jurisdiction.

### IV.    Conclusion

For these reasons set forth above, NextEra respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

/s/ Matthew R. Nicely

Matthew R. Nicely
James E. Tysse
Julia K. Eppard

*Counsel to NextEra Energy, Inc.*

Dated: January 26, 2024

---

[4] Defs. Mot. Dismiss at 20.

[5] *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1386 (Fed. Cir. 2017) (finding, in a Section 1581(c) appeal of a final determination, "Commerce failed to comply with notice-and-comment rulemaking under the APA by repealing the Limiting Regulation in Withdrawal Notice, that its failure cannot be excused for good cause or harmless error . . ."); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1377 (Fed. Cir. 2010) (invalidating a Commerce regulation in a Section 1581(c) case involving challenge to final antidumping determination); *accord United States Steel Corp. v. United States*, 627 F. Supp. 2d 1374, 1382 (Ct. Int'l Trade 2009) ("The Court, as it has done in other cases under § 1581(c), may address a facial challenge to a general agency practice employed by Commerce, as well as to the final results of an agency proceeding that is subject to judicial review under § 1516a.").