UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER,<br><br>Defendants. | Court No. 23-00274 |

MOTION TO INTERVENE AS DEFENDANT-INTERVENORS

Pursuant to 28 U.S.C. § 2631(j) and Rule 24 of the Rules of the United States Court of International Trade ("USCIT"), BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC ("BYD America") (collectively, "BYD" or "Proposed Defendant-Intervenors"), respectfully move for this Court to permit BYD to intervene as Defendant-Intervenors in the above-captioned proceeding. The grounds for this Motion, as set forth in the attached memorandum, are as follows:

1. Plaintiffs Auxin Solar, Inc. ("Auxin") and Concept Clean Energy, Inc. ("CCE") (collectively, "Plaintiffs") initiated this action invoking the Court's residual jurisdiction, 28 U.S.C. § 1581(i), to contest the U.S. Department of Commerce's ("Commerce") final rule under 19 C.F.R. Part 362 implementing Presidential Proclamation 10414. Compl., Dec. 29, 2023, ECF No. 2; *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord*

*With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) (the "Duty Suspension Rule" or the "Final Rule"). That Final Rule "in the event of an affirmative preliminary or final determination" in the solar circumvention inquiries, extends the time for, and waives, the suspension of liquidation, application of certain antidumping ("AD") and countervailing ("CVD") duties, and suspends collection of cash deposits on certain "Applicable Entries" of certain subject merchandise ("CSPV modules"), completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China, which are not already subject to an AD/CVD order. *See generally* Final Rule.

2. In their Complaint, Plaintiffs ask this Court to take the following actions: (1) hold unlawful Commerce's Final Rule; (2) vacate Commerce's Final Rule; (3) direct Commerce to instruct U.S. Customs and Border Protection ("CBP") to suspend liquidation and collect cash deposits of AD/CVD estimated duties on Applicable Entries; and (4) direct CBP to suspend liquidation and collect cash deposits of AD/CVD estimated duties on Applicable Entries. Compl. at 63, Dec. 29, 2023, ECF No. 2.

3. BYD HK is a trading agent registered in Hong Kong and is 100% owned by BYD Company Limited, a manufacturing conglomerate. Since 2019, BYD HK has worked with certain toll processors in Cambodia to manufacture solar products in Cambodia. During the inquiry period for Commerce's above-mentioned circumvention proceeding, BYD HK worked with three toll processers located in Cambodia to manufacture CSPV modules for BYD HK to sell and export to BYD America. BYD America LLC is a U.S. importer of solar products and is s 100% owned by BYD Company Limited, a manufacturing conglomerate.

4. As a result of its exports to BYD America, BYD HK was selected as a mandatory respondent in Commerce's circumvention inquiry. BYD America purchased and imported into

the United States the CSPV modules that were manufactured in Cambodia on behalf of BYD HK. As the U.S. importer of these products, BYD America would be the legal entity responsible for the payment of AD/CVD cash deposits and duties on these imports should they become subject to such measures.

5. Through the submission of factual information and argument, BYD participated fully as an "interested party" in the solar circumvention inquiries in which Commerce applied Proclamation 10414 and the Final Rule. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023) (final scope determination and final affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) (the "Final Determinations"). In addition, BYD participated in Commerce's notice-and-comment procedure with respect the Final Rule by filing comments. Letter from Hogan Lovells US LLP to the Honorable Lisa W. Wang, *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414: Comments of BYD*, ITA-2022-0006-0015 (Aug. 1, 2022).

6. BYD plainly satisfies the requirements for intervention as of right under this Court's Rule 24. First, consistent with USCIT R. 24(a)(2), BYD's motion is timely and demonstrates a clear interest in this dispute, because Plaintiffs seek to have BYD's entries suspended, have AD/CVD applied to those entries, and seek to upend the regulation under which BYD has developed its current supply chain (*i.e.*, Commerce's Final Rule). BYD's interests in this regard are not adequately protected by the Government's participation alone in this litigation—this is evidenced in particular through the Government's willingness to enter into a stipulation concerning potential reliquidation of BYD's entries that would be impacted by this

action. *See* Joint Stipulation in Lieu of Preliminary Injunction, ECF No. 19 (Jan. 25, 2024). Accordingly, BYD has a right to intervene in this action pursuant to USCIT R. 24(a)(2).

7. Alternatively, BYD should be permitted to intervene pursuant to USCIT R. 24(b). BYD has significant interests in the outcome of this litigation, as BYD would be adversely affected should Commerce's application of the Final Rule in the Final Determinations be reversed. BYD America, an U.S. importer of CSPV modules, has made "Applicable Entries," and BYD has oriented its supply chain in reliance on the Final Rule as applied in Commerce's Final Determinations. An adverse outcome in this appeal would cause serious financial harm to BYD, and BYD America in particular, through the invalidation of Commerce's application of the Final Rule in the Final Determinations. BYD has no alternative means of protecting its interests except to participate in this appeal. Moreover, BYD's defenses and the main action share questions of law and fact as required by USCIT R. 24(b)(1)(B). As such, BYD should be permitted to intervene under USCIT R. 24(b) should the Court find that BYD is not able to intervene as a matter of right under USCIT R. 24(a).

8. Pursuant to USCIT R. 7(b) and (f), BYD sought consent to intervene from the parties participating in this matter. On January 26, 2024, counsel for the Defendants, Doug Edelschick of the U.S. Department of Justice, stated that the United States takes no position and defers to the Court's judgment with respect to BYD's motion to intervene. On January 26, 2024, counsel for Plaintiffs, Thomas Beline of Cassidy Levy Kent (USA) LLP, indicated Plaintiffs' oppose BYD's intervention.

9. Pursuant to the requirements of USCIT R. 24(c), the present motion is accompanied by BYD's Motion to Dismiss.

For the reasons described in this Motion and in the accompanying Memorandum in support of this Motion, BYD respectfully requests that this Court grant BYD's Motion to Intervene as Defendant-Intervenors in the above-captioned proceeding.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER,<br><br>Defendants. | Court No. 23-00274 |

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... i

I. BACKGROUND ..... 1

II. BYD MEETS THE CRITERIA FOR INTERVENTION ..... 2

A. BYD Meets the Requirements for Intervention as a Matter of Right Pursuant to Rule 24(a)(2) ..... 2

B. Alternatively, BYD Meets the Criteria for Permissive Intervention Under Rule 24(b) ..... 6

i. The Relevant Statute Grants BYD a Conditional Right to Intervene ..... 7

ii. BYD's Claims and Defenses Share Common Questions of Law and Fact With the Main Action ..... 8

iii. BYD's Intervention Is Timely and Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Cases**

*American Maritime Transp., Inc. v. United States*,
870 F.2d 1559 (Fed. Cir. 1989) .......... 3, 4, 5, 7

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
386 U.S. 129 (1967) .......... 5

*Fed. Election Comm'n v. Akins*,
524 U.S. 11 (1998) .......... 7

*Geum Poong Corp. v. United States*,
217 F. Supp. 2d 1342 (Ct. Int'l Trade 2002) .......... 8

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
140 S. Ct. 2367 (2020) .......... 4

*Ontario Forest Industries Assoc. v. United States*,
444 F. Supp. 2d 1309 (Ct. Int'l Trade 2006) .......... 7

*Primesource Building Products, Inc. v. United States*,
494 F.Supp.3d 1307 (Ct. Intl. Trade 2021) .......... 3, 4

*Siam Food Prods. Pub. Co. v. United States*,
24 F. Supp. 2d 276 (Ct. Int'l Trade 1998) .......... 3

*Town of Chester, N.Y. v. Laroe Estates*,
137 S. Ct. 1645 (2017) .......... 4

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972) .......... 5

*Utah Ass'n of Counties v. Clinton*,
255 F.3d 1246 (10th Cir. 2001) .......... 4, 5

*Vivitar Corp. v. United States*,
585 F. Supp. 1415 (Ct. Int'l Trade 1984) .......... 2, 8

*WildEarth Guardians v. Nat'l Park Serv.*,
604 F.3d 1192 (10th Cir. 2010) .......... 4

*Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*,
695 F.3d 1310 (Fed. Cir. 2012) .......... 3

**Statutes**

5 U.S.C. § 702 .......... 7

28 U.S.C. § 2631(j) ....................................................................................................7

**Administrative Materials**

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 75,221 (Dep't Commerce Dec. 8, 2022) ....................................................2

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023)....................................................2

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) ..................................................1

**Court Rules**

USCIT R. 24(a)(2) ....................................................................................................4

USCIT R. 24(b)....................................................................................................7, 9

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC ("BYD America") (collectively, "BYD" or "Proposed Defendant-Intervenors"), pursuant to Rule 24 of the Rules of the United States Court of International Trade ("USCIT"), submit this Memorandum in Support of BYD's Motion to Intervene.

## I. BACKGROUND

On December 29, 2023, Plaintiffs Auxin Solar, Inc. ("Auxin Solar") and Concept Clean Energy, Inc. ("CCE") (collectively, "Plaintiffs") initiated this action invoking the Court's residual jurisdiction, 28 U.S.C. § 1581(i). Plaintiffs contest the U.S. Department of Commerce's ("Commerce") final rule under 19 C.F.R. Part 362 implementing Presidential Proclamation 10414 that, "in the event of an affirmative preliminary or final determination" in the circumvention inquiries, extends the time for, and waives, the suspension of liquidation, the application of certain antidumping ("AD") and countervailing ("CVD") duties, and the collection of cash deposits on "Applicable Entries" of crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules ("CSPV cells and modules"), completed in Cambodia, Malaysia, Thailand, and Vietnam using parts and components manufactured in China, and that are not already subject to an AD/CVD order. *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) ("Duty Suspension Rule" or "Final Rule").

In the preliminary and final affirmative circumvention determinations, Commerce applied Proclamation 10414 and the Final Rule, stating that it will not direct U.S. Customs and Border Protection ("CBP") to suspend liquidation or to require cash deposits of estimated AD/CVD duties on Applicable Entries (from April 1, 2022 through June 6, 2024), provided that importers

comply with Commerce's certification requirements. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 75,221, 75,222 (Dep't Commerce Dec. 8, 2022) (preliminary affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam); *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 88 Fed. Reg. 57,419, 57,421–22 (Dep't Commerce Aug. 23, 2023) (final scope determination and final affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) (the "Final Determinations").

In their Complaint, Plaintiffs seek to have this Court: (1) hold unlawful Commerce's Final Rule; (2) vacate Commerce's Final Rule; (3) direct Commerce to instruct U.S. Customs and Border Protection ("CBP") to suspend liquidation and collect cash deposits of AD/CVD estimated duties on Applicable Entries; and (4) direct CBP to suspend liquidation and collect cash deposits of AD/CVD estimated duties on Applicable Entries. Compl. at 63, Dec. 29, 2023, ECF No. 2. Plaintiffs have entered into a Joint Stipulation in Lieu of Preliminary Injunction with the Government, stipulating that if Plaintiffs' litigation is successful, the Government would not oppose the Court reliquidating subject entries – including BYD's – with AD/CVD. *See* Joint Stipulation in Lieu of Preliminary Injunction, ECF No. 19 (Jan. 25, 2024).

## II. BYD MEETS THE CRITERIA FOR INTERVENTION

### A. BYD Meets the Requirements for Intervention as a Matter of Right Pursuant to Rule 24(a)(2)

"Rule 24(a)(2) of the court's rules provides upon timely application a non-statutory ***absolute right*** to intervene." *Vivitar Corp. v. United States*, 585 F. Supp. 1415, 1416 (Ct. Int'l Trade 1984) (emphasis supplied); *see also Siam Food Prods. Pub. Co. v. United States*, 24 F.

Supp. 2d 276, 280 (Ct. Int'l Trade 1998) (describing Rule 24(a) as establishing a "non-statutory right of intervention"). "The{} requirements {in Rule 24(a)(2)} are construed ***in favor*** of intervention." 1/ *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (emphasis supplied). Specifically, "'the court must permit anyone to intervene who…claims an interest relating to the…transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Primesource Building Products, Inc. v. United States*, 494 F.Supp.3d 1307, 1311 (Ct. Intl. Trade 2021) (*quoting* Rule 24(a)(2)). 2/

The language of USCIT R. 24(a)(2) is borrowed from Federal Rule of Civil Procedure 24, which the Federal Circuit has interpreted as imposing a four-part test: (1) the motion must be timely; (2) the moving party must claim an interest in the property or transaction at issue that is "'legally protectable," *Wolfsen*, 695 F.3d at 1315 (*quoting Am. Maritime*, 870 F.2d at 1562); (3) "that interest's relationship to the litigation must be 'of such a *direct* and *immediate* character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment,'" *id.* (*quoting Am. Mar.*, 870 F.2d at 1561) (emphasis in *Am. Mar.*); and (4) "the movant must demonstrate that said interest is not adequately addressed by the government's participation," *id.*

---

1/ *Wolfsen* and *American Maritime Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) concerned Rule 24(a)(2) of the U.S. Court of Federal Claims, the text of which is largely identical to USCIT Rule 24(a)(2).

2/ *See* U.S. CIT Rule 24(a)(2) ("Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . . . (2) . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").

(quoting *Am. Mar.*, 870 F.2d at 1560). For the reasons that follow, BYD satisfies all four parts of this test and should be permitted to intervene in this dispute. 3/

First, BYD's motion to intervene is timely. This motion is filed less than 30 days after the complaint was served, and BYD's intervention at this stage would cause no delay in these proceedings.

Second, BYD has a legally protectable interest at stake in this dispute. Plaintiffs seek (i) to invalidate a Commerce rule on which BYD has relied in importing solar modules and in developing its current supply chain; (ii) to have liquidation of certain CSPV modules, including BYD's, suspended; and (iii) to have antidumping and countervailing duty cash deposits and eventually duties imposed against the same group of entries. Were Plaintiffs' action to succeed, the targeted entries would also be subject to future and/or ongoing administrative reviews under the AD/CVD Orders. A similar situation arose in *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253-54 (10th Cir. 2001), where a public interest group sought to intervene in an action challenging the legality of the Presidential Proclamation establishing a national monument. Noting that intervenors had provided input to the existing monument management plan, as well as their environmental, conservationist, and economic interests in tourism revenue, the court concluded these would be impaired if the monument lost its protected status. *Id.*; *see also WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1200 (10th Cir. 2010) (applying same rationale to intervenor that "submitted comments to the NPS" in developing a challenged wildlife

---

3/ As of the time of this filing, and upon information and belief, Proposed Defendant Intervenors intend to seek the same relief as the Defendants in this dispute (*i.e.*, that this Court uphold the Final Rule); and, as such, Proposed Defendant-Intervenors satisfy the requirements for "piggyback" Article III standing in this dispute. *See PrimeSource*, 494 F. Supp. 3d at 1319–20 (Baker, J., concurring) (discussing *Town of Chester, N.Y. v. Laroe Estates*, 137 S. Ct. 1645 (2017), and *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020)).

management plan). Much like the intervenors in *Utah Ass'n of Counties*, BYD here participated in both the agency rulemaking process and the administrative circumvention inquiry at the center of Auxin's litigation—but BYD's economic interests in the outcome of the litigation are even more significant and direct as a party that would be forced to pay the U.S. Government money were the Plaintiffs' litigation to succeed. "'If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Cascade Natural Gas Corp. v. El Paso Natural Gas Co*., 386 U.S. 129, 134 n.3 (1967) (*quoting* Advisory Committee Note to the 1966 amendment to FRCP 24). The determination of this litigation will substantially and directly effect BYD in that it could subject its entries to AD/CVD liability, thrust BYD into a further administrative procedure (*i.e.*, Department of Commerce administrative review(s)), and upend BYD's supply chain that was developed in reliance on the rule which plaintiffs seek to have vacated.

Third, BYD's interest in the litigation is direct and immediate. *Am. Maritime*, 870 F.2d at 1561. The potential adverse impact to BYD is not mere abstract "competition"—it would occur by "the direct legal operation and effect of the judgment," as this outcome would directly require BYD's to pay money to the U.S. Government (*i.e.*, AD/CVD cash deposits and eventual duties), subject BYD to additional administrative procedures, and upend BYD's supply chain.

Finally, BYD's interest in this litigation is not adequately addressed by the Government's participation alone. As an initial matter, the burden of showing inadequacy of representation is "minimal," requiring only a showing that an existing party's representation interests "***may be***" inadequate in a particular respect. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (emphasis added) (permitting intervention by a union member notwithstanding participation of the Secretary of Labor because the Secretary's twin duties to represent both the

aggrieved member and the public generally might engender an adversity of interest). In this instance, the Government's participation not only "***may be***", but "***is***", already proving to be ***manifestly*** inadequate. The Government has already submitted for the Court's consideration a Joint Stipulation in Lieu of Preliminary Injunction, in which the Government committed that it "do[es] not and will not oppose plaintiffs' argument about the Court's authority to order reliquidation of entries that remain unliquidated as of the date when the Court rules on this stipulation." *See* Joint Stipulation in Lieu of Preliminary Injunction, ECF No. 19 (Jan. 25, 2024). This stipulation already cedes territory which BYD intends to contest—*i.e.*, that the Court would be entitled to reliquidate ***any*** entries in the unlikely event that Plaintiffs' litigation were to succeed. *Id.* This stipulation also would proport to moot Plaintiffs' motion for preliminary injunction—a motion that BYD would vigorously oppose given the opportunity. *Id.* at 2 ("Upon entry of the accompanying proposed order, plaintiffs' motion for preliminary injunction (ECF Nos. 8, 15) will become moot").

In addition, BYD respectfully notes that BYD is adverse to Commerce in BYD's separate pending Section 1581(c) appeal before the USCIT, Ct. No. 23-221. As such, and for example, there may be a point in this litigation where Defendants are no longer positioned to adequately represent BYD's interests.

For these reasons, BYD should be permitted to intervene as a matter of right under USCIT R. 24(a)(2).

**B. Alternatively, BYD Meets the Criteria for Permissive Intervention Under Rule 24(b)**

USCIT R. 24(b) provides in pertinent part:

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact . . . . In exercising its discretion, the

> court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

BYD meets the standard set forth in USCIT R. 24(b). The statute governing permissive intervention in this court, 28 U.S.C. § 2631(j)(l), grants BYD a conditional right to intervene, the claims and defenses that BYD's intends to raise share questions of both law and fact with the main action, and BYD's intervention will not delay or prejudice the adjudication of the rights of the original parties.

**i. The Relevant Statute Grants BYD a Conditional Right to Intervene**

The statute governing permissive intervention in this Court confers a conditional right to intervene upon "{a}ny person who would be adversely affected or aggrieved by a decision in a civil action pending before the Court of International Trade." 28 U.S.C. § 2631(j)(l). The statute provides that such parties "may, by leave of court, intervene in such action . . . . " *Id.* "The phrase 'adversely affected or aggrieved,' which mirrors the language in numerous statutes, including the Administrative Procedure Act, 5 U.S.C. § 702, represents a 'congressional intent to cast the {intervention} net broadly-beyond the common-law interests and substantive statutory rights' traditionally known to law." *Ontario Forest Industries Assoc. v. United States*, 444 F. Supp. 2d 1309, 1322 (Ct. Int'l Trade 2006) (quoting *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 19 (1998)). This is consistent with the principle that "the requirements for intervention are to be construed in favor of intervention." *Am. Maritime.*, 870 F.2d at 1561.

As described above, Plaintiffs seek to reverse Commerce's application of the Final Rule in the circumvention Final Determinations. *See generally*, Compl., Dec. 29, 2023, ECF No. 2. BYD has significant interests in the outcome of this litigation, as BYD would be adversely affected should Commerce's application of the Final Rule in the Final Determinations be reversed. Plaintiffs' request threatens direct impacts on BYD; enjoining the normal liquidation of its entries,

seeking imposition of AD/CVD requirements on the same, and disrupting BYD's ability to move forward with its business. *Id.* Thus, a decision in favor of Plaintiffs threatens significant, tangible, adverse effects on BYD.

**ii. BYD's Claims and Defenses Share Common Questions of Law and Fact With the Main Action**

BYD also seeks to address jurisdictional issues that share common questions of law and fact with those raised by Plaintiffs in this action and the underlying proceedings in which BYD participated. USCIT R. 24(b)(1)(B). Specifically, BYD intends to argue that this Court lacks subject matter jurisdiction, which represents a separate and unique legal interest in this proceeding. BYD concurs with Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction. ECF No. 16. In addition, BYD intends to defend against the merits of Plaintiffs' claims challenging the Final Rule as implemented in Commerce's Final Determination.

**iii. BYD's Intervention Is Timely and Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties**

This Court has previously held that "the court should be guided by the same time limits applicable to intervention as of right in trade cases in deciding what is 'timely' under Rule 24(b)." *Geum Poong Corp. v. United States*, 217 F. Supp. 2d 1342, 1344 (Ct. Int'l Trade 2002). BYD's motion to intervene is being filed within thirty (30) days after the date of service of the Complaint, and thus should be considered timely.

BYD's intervention will also neither cause undue delay nor prejudice in the adjudication of the claims by the original parties in this matter. This case is in its preliminary stages. Accordingly, BYD's intervention will not delay the proceedings, nor will it prejudice the existing parties' rights. *See Vivitar Corp.*, 585 F. Supp. at 1416–17.

## CONCLUSION

BYD respectfully submits that it should be permitted to intervene according to statute and this Court's rules and precedent. A proposed order is enclosed.

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER,<br><br>Defendants. | Court No. 23-00274 |

ORDER

Upon consideration of the Motion to Intervene as Defendant-Intervenors filed by BYD (H.K.) Co., Ltd. and BYD America LLC, and upon consideration of all other papers and proceedings herein, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that BYD (H.K.) Co., Ltd. and BYD America LLC are parties to this action as Defendant-Intervenors.

____________________________
Hon. Timothy M. Reif, Judge

Dated: _______________, 2024
New York, New York