UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.,<br><br>                Plaintiffs,<br><br>      v.<br><br>UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER,<br><br>              Defendants. | Court No. 23-00274 |

PROPOSED DEFENDANT-INTERVENORS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Rule 12(b) of the Rules of the United States Court of International Trade, BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC ("BYD America") (collectively, "BYD" or "Proposed Defendant-Intervenors"), respectfully move to dismiss the complaint filed by Plaintiffs Auxin Solar, Inc. ("Auxin") and Concept Clean Energy, Inc. ("CCE") (collectively, "Plaintiffs").

As set forth below in further detail in the accompanying memorandum, BYD respectfully requests that the Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction because (1) jurisdiction is, or could have been, available pursuant to 28 U.S.C. § 1581(c), and (2) the remedy provided under 28 U.S.C. § 1581(c) is not "manifestly inadequate," and thus jurisdiction is not available under 28 U.S.C. § 1581(i).

BYD therefore respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.,<br><br>         Plaintiffs,<br><br>   v.<br><br>UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER,<br><br>        Defendants. | Court No. 23-00274 |

MEMORANDUM IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT

Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK")
and BYD America LLC*

Dated: January 26, 2024

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... i

ISSUE PRESENTED ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

SUMMARY OF THE ARGUMENT ................................................................................ 7

ARGUMENT ...................................................................................................................... 7

   I.     STANDARD OF REVIEW ..................................................................................... 7

   II.    AUXIN'S COMPLAINT DOES NOT ESTABLISH JURISDICTION
        UNDER SECTION 1581(I) ................................................................................... 8

        A.    Plaintiffs Could (and Should) Have Brought Their Claims Under
            Section 1581(c) ......................................................................................... 9

        B.    The Remedies Available to Plaintiff Under Section 1581(c) Are Not
            "Manifestly Inadequate" ....................................................................... 12

CONCLUSION ................................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aldinger v. Howard*,
    427 U.S. 1 (1976)................................................................................. 8

*ARP Materials, Inc. v. United States*,
    47 F.4th 1370 (Fed. Cir. 2022) ........................................... 9, 12, 13

*Dorbest Ltd. v. United States*,
    604 F.3d 1363 (Fed. Cir. 2010)....................................................... 11

*Erwin Hymer Grp. N.A., Inc. v. United States*,
    930 F.3d 1370 (Fed. Cir. 2019)......................................................... 9

*Indus. Chems., Inc. v. United States*,
    941 F.3d 1368 (Fed. Cir. 2019)....................................................... 12

*Int'l Custom Prod., Inc. v. United States*,
    467 F. 3d 1324 (Fed. Cir. 2006)........................................................ 8

*Juancheng Kangtai Chem. Co. v. United States*,
    932 F.3d 1321 (Fed. Cir. 2019)....................................................... 13

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994)........................................................................... 8

*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936)........................................................................... 8

*Mid Continent Nail Corp. v. United States*,
    846 F.3d 1364 (Fed. Cir. 2017)....................................................... 11

*Miller & Co. v. United States*,
    824 F.2d 961 (Fed. Cir. 1987)..................................................... 8, 13

*Murphy Exploration & Prod. Co. v. U.S. Dep't of Interior*,
    270 F.3d 957 (D.C. Cir. 2001) .................................................. 11, 13

*Norcal/Crosetti Foods, Inc. v. United States*,
    963 F.2d 356 (Fed. Cir. 1992)................................................. 8, 9, 11

*Norsk Hydro Canada, Inc. v. United States*,
    472 F.3d 1347 (Fed. Cir. 2006)................................................... 8, 11

*Optivus Tech., Inc. v. Ion Beam Applications S.A.*,
    469 F.3d 978 (Fed. Cir. 2006)......................................................... 12

*Sunpreme Inc. v. United States*,
    892 F.3d 1186 (Fed. Cir. 2018).................................................................. 9

*Techsnabexport, Ltd. v. United States*,
    795 F. Supp. 428 (1992) ............................................................................ 8

*Wanxiang Am. Corp. v. United States*,
    12 F.4th 1369 (Fed. Cir. 2021) ....................................................... 8, 12, 13

*Weaver v. Fed. Motor Carrier Safety Admin.*,
    744 F.3d 142 (D.C. Cir. 2014)................................................................ 11, 13

*Williams v. Sec'y of Navy*,
    787 F.2d 552 (Fed. Cir. 1986).................................................................... 8

**Presidential Proclamation**

*Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*,
    87 Fed. Reg. 35,067 (Executive Office of the President June 9, 2022) ........................ 1, 2, 3, 4

**Statutes**

19 U.S.C. § 1318(a) ........................................................................................ 1

**Administrative Materials**

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China*,
    87 Fed. Reg. 75,221 (Dep't Commerce Dec. 8, 2022) ..................................................... 4

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*,
    77 Fed. Reg. 73,017 (Dep't Commerce Dec. 7, 2012) ..................................................... 2

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*,
    77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012) ..................................................... 2

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*,
    87 Fed. Reg. 19,071 (Dept' Commerce Apr. 1, 2022)...................................................... 2

Customs Message 3243401 (Aug. 31, 2023) ...................................................................... 5

*Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*,
    88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023).................................................... 5

Memorandum from James Maeder to Lisa W. Wang, *Issues and Decision Memorandum for the Circumvention Inquiry With Respect to the Kingdom of Cambodia*, Case No. A-570-979 (Anti-circumvention Inquiry, Cambodia–2022) (Aug. 17, 2023) ...... 6, 10

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 39,426 (Dep't Commerce Jul. 1, 2022) ........................................................ 3

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022)............................................ 1, 3, 4

**Court Rules**

USCIT R. 12(b)(1) ........................................................................................................... 8

USCIT R. 12(h)(3) ........................................................................................................... 8

**MEMORANDUM IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC ("BYD America") (collectively, "BYD" or "Proposed Defendant-Intervenors"), pursuant to Rule 12(b) of the Rules of the United States Court of International Trade ("USCIT"), submit this Memorandum in Support of BYD's Motion to Dismiss Plaintiffs' Complaint.

Defendants (collectively, "the Government") filed a Motion to Dismiss for lack of subject matter jurisdiction on January 22, 2024, demonstrating that the Court lacks subject matter jurisdiction over Plaintiffs' claims.   ECF No. 16.   BYD incorporates and expands upon the Government's arguments that subject matter jurisdiction is not available under 28 U.S.C. § 1581(i) because (1) jurisdiction is, or could have been, available pursuant to 28 U.S.C. § 1581(c), and (2) the remedy provided under 28 U.S.C. § 1581(c) is not "manifestly inadequate," as defined under U.S. law.

## ISSUE PRESENTED

Plaintiffs challenge the U.S. Department of Commerce's ("Commerce") final rule under 19 C.F.R. Part 362 implementing Presidential Proclamation 10414, which authorized Commerce to permit the importation of certain crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules, free of antidumping ("AD") and countervailing ("CVD") duties. *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) (the "Final Rule"); *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067 (Executive Office of the President June 9, 2022) ("Proclamation 10414") *citing* 19 U.S.C. § 1318(a).

The issue is whether jurisdiction over Plaintiffs' claims is available pursuant to 28 U.S.C. § 1581(i) because jurisdiction is, or could have been, available under 28 U.S.C. § 1581(c).

## STATEMENT OF FACTS

On April 1, 2022, following a request by Plaintiff Auxin, Commerce initiated country-wide circumvention inquiries to determine whether imports of CSPV cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from China were circumventing the *Solar I Orders*. *See generally Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012) (amended final determination of sales at less than fair value, and antidumping duty order); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China,* 77 Fed. Reg. 73,017 (Dep't Commerce Dec. 7, 2012 (countervailing duty order) (collectively, "*Solar I Orders*"); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 19,071 (Dept' Commerce Apr. 1, 2022) (initiation of circumvention inquiry on the antidumping duty and countervailing duty orders).

On June 9, 2022, the President of the United States issued Proclamation 10414, which declared an emergency to exist with respect to the threats to the availability of sufficient electricity generation capacity to meet expected customer demand. *See* Proclamation 10414 at 35,068. The President instructed that "[i]mmediate action is needed to ensure in the interim that the United States has access to a sufficient supply of solar modules to assist in meeting our electricity generation needs." *Id*. The Proclamation provided that, in response to the emergency, "the authority under section 1318(a) . . . is invoked and made available, according to its terms, to the Secretary." *Id*. The Proclamation instructed Commerce to waive *Solar I* circumvention tariff

requirements for a period of twenty-four months, in the event of affirmative circumvention findings. *Id.*

On July 1, 2022, the agency published a Proposed Rule and accepted comments over the course of a one-month notice-and-comment period. *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 39,426 (Dep't Commerce Jul. 1, 2022). In preparing its Final Rule, Commerce reviewed fulsome comments from parties on both sides of this issue, including industry associations comprising over 2,000 member companies with representation from all 50 states. *See* Final Rule at 56,877. BYD timely submitted comments for the agency's consideration during the notice-and-comment process, as did Auxin. *See* Letter from Hogan Lovells US LLP to the Honorable Lisa W. Wang, *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414: Comments of BYD*, ITA-2022-0006-0015 (Aug. 1, 2022); Letter from Cassidy Levy Kent (USA) LLP to the Honorable Lisa W. Wang, *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414: Comments on Proposed Rule*, ITA-2022-0006-0009 (Aug. 1, 2022). Following the extensive notice-and-comment process, Commerce ultimately rejected Auxin's arguments that applying the Moratorium back to the publication date of the circumvention initiation notice was "retroactive" in nature. Final Rule at 56,878, n.63.

On September 16, 2022, Commerce added Part 362 to its regulations to implement the measures requested by the President. Final Rule, 87 Fed. Reg. 56,868. In promulgating the Final Rule, Commerce determined that "the record supports the conclusions of the President that an electricity supply emergency exists in the United States, and that to address the energy supply emergency with solar energy technology, the United States must rely, in part, on imported solar

modules for the immediate future." *Id*. at 56,873.  In its Final Rule, Commerce implemented the President's direction to allow for the importation of merchandise subject to these inquiries free of duties and estimated duties for the duration of the emergency.  *Id*. at 56,869.  In particular, the Final Rule specifies:

> Consistent with the authority granted by the Proclamation, Commerce notes that these actions ensure that duties or estimated duties will not be collected on entries of SA-Completed Cells and Modules that entered the United States both before and after the signing of the Proclamation, so long as they enter, or are withdrawn from warehouse, for consumption, before the Date of Termination.

*Id*. at 56,870.

On December 1, 2022, Commerce reached preliminary affirmative determinations of circumvention on a country-wide basis and with respect to BYD.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from China*, 87 Fed. Reg. 75,221 (Dep't Commerce Dec. 8, 2022) (preliminary affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) ("Preliminary Determinations").   Consistent with the instruction in Proclamation 10414, Commerce in the Preliminary Determinations drew on the authority provided in the Proclamation and Commerce's regulations at 19 C.F.R. Part 362 to waive cash deposit requirements for entries covered by Commerce's Final Rule—*i.e.*, those entered from April 1, 2022, through June 6, 2024) that are accompanied by a valid certification and supporting documentation, and that comply with the certification's utilization requirement. *Id.* at 75,223–75224; *see also* Proclamation 10414, 87 Fed. Reg. at 35,068.   Commerce issued these certifications as part of the Preliminary Determination, not the Final Rule.

On August 17, 2023, Commerce issued its Final Determination, affirming its findings on the statutory circumvention factors provided at 19 U.S.C. § 1677j and thus issued affirmative

country-wide and certain company-specific findings of circumvention, including with respect to BYD in the Cambodia proceeding. *See Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*. 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023) (final scope determination and final affirmative determinations of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) (the "Final Determinations"). The Final Determinations implemented Commerce's tariff waiver provisions in accordance with Presidential Proclamation 10414. That is, the Final Determinations provide the Appendix IV "Certification for 'Applicable Entries' Under 19 CFR Part 362." *Id*. at 57,425–57,426. Pursuant to the requirements described in the Final Determinations—not the Final Rule—U.S. importers may only claim the emergency tariff waiver through completion of these Appendix IV certifications. *Id.* at 57,422 ("Entries prior to the Date of Termination for which the importer and exporter have met the certification requirements described {herein} . . . will not be subject to suspension of liquidation, or the cash deposit requirements described {herein}. Failure to comply with the applicable requisite certification requirements may result in the merchandise being subject to ADs and CVDs.").

In the Final Determinations, Commerce addressed several issues raised by interested parties during extensive briefing undertaken during the agency proceeding. This includes briefing related to Commerce's country-wide and company-specific circumvention determinations, the certification requirements, and Commerce's cash deposit instructions to U.S. Customs and Border Protection ("CBP"). *See* Customs Message 3243401 (Aug. 31, 2023). Plaintiff Auxin submitted case briefs challenging Commerce's circumvention tariff waiver during the agency proceedings— including criticism of the Final Rule's applicability to entries predating publication of Proclamation 10414 (*i.e.*, between entries of inquiry merchandise after initiation of these inquiries

on April 1, 2022, but before Proclamation 10414 was issued on June 6, 2022). *See* Memorandum from James Maeder to Lisa W. Wang, *Issues and Decision Memorandum for the Circumvention Inquiry With Respect to the Kingdom of Cambodia*, Case No. A-570-979 (Anti-circumvention Inquiry, Cambodia–2022) (Aug. 17, 2023) ("Cambodia Final IDM") at 120–122.  Auxin also disputed the basis for the Final Rule's and Preliminary Determination's utilization requirement. *See id.* at 99, 101–102.  Commerce rejected these arguments, stating, respectively and in part, (1) that Auxin misreads the Proclamation and that the Final Rule's scope was consistent with the direction of Proclamation 10414; and, (2) that the certification requirements (and associated penalties for failure to comply with their terms) creates an effective enforcement measure.  *See id.* at 102–103, 119–120.

On October 20, 2023, Plaintiff Auxin initiated lawsuits at the U.S. Court of International Trade challenging the Final Determination with respect to all four countries.  Ct. Nos. 23-223; 23-224; 23-225; 23-226.  Auxin initiated the suits pursuant to 28 U.S.C. § 1581(c).  *See* Ct. No. 23-225, Compl. ¶ 2, Nov. 20, 2023, ECF No. 9.  Auxin's Complaints challenge, in part, the Final Determinations' certifications.  *Id.* at ¶ 23.  However, Auxin does not appeal the issues related to Proclamation 10414 and the Final Rule that it briefed in the underlying agency proceeding.

On December 29, 2023, Plaintiffs initiated this action to appeal Commerce's Final Rule codified at 19 C.F.R. Part 362.  Yet, despite the fact that Auxin litigated many of these same issues before Commerce, as explained above, Auxin seeks to invoke the Court's residual jurisdiction under 28 U.S.C. § 1581(i).  The Plaintiffs ask the Court to vacate the Final Rule, and not direct Commerce (and, by extension, CBP) to suspend liquidation and collect cash deposits on CSPV cell and module imports from Cambodia, Malaysia, Thailand, and Vietnam.  Compl., Dec. 29, 2023, ECF No. 2.

## SUMMARY OF THE ARGUMENT

Although ostensibly challenging Commerce's rulemaking authority, Plaintiffs' Complaint instead seeks a remedy that is only available by the Court's invalidating Commerce's determination in an adjudicative proceeding.  In essence, then, the Complaint challenges Commerce's August 17, 2023, Final Determinations, not Commerce's Final Rule.  The Court therefore lacks subject matter jurisdiction over the claims as pleaded.

It is a well-established principle that federal courts are courts of limited jurisdiction, and that the party invoking that jurisdiction bears the burden of establishing it.  Invoking jurisdiction under Section 1581(i), specifically, requires a showing that jurisdiction is not available under any subsection of Section 1581 other than subsection (i), and that the remedy provided under any other subsection would be "manifestly inadequate."  Plaintiffs fail to meet that burden here.  First, by asking this Court to require duties for the period identified in the Proclamation 10414, Plaintiffs are requesting that the Court invalidate a portion of the Final Determination, a request which is properly made under Section 1581(c).  Second, the true nature of Plaintiffs' claim is a request that the Court invalidate the Final Determinations' certifications and corresponding customs instructions.  (Any allegations of deficiencies in Commerce's application of the Final Rule in the Final Determination could also be challenged in an appeal of the Final Determination itself.)  And, in any event, Plaintiffs have forfeited their opportunity to show that remedies available under Section 1581(c) are "manifestly inadequate" because they neglected to make such arguments in the Complaint.

## ARGUMENT

## I.      STANDARD OF REVIEW

This Court, like all federal courts, is a court of limited jurisdiction.  As the Court of Appeals for the Federal Circuit (the "Federal Circuit") has emphasized, "[i]t is a 'well-established principle

that federal courts . . . are courts of limited jurisdiction marked out by Congress.'" *Int'l Custom Prod., Inc. v. United States*, 467 F. 3d 1324, 1326 (Fed. Cir. 2006) (*quoting Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 358 (Fed. Cir. 1992); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)). The party invoking that jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Techsnabexport, Ltd. v. United States*, 795 F. Supp. 428, 432 (1992) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Importantly, the Court must assess the "true nature" of an action in determining whether it has jurisdiction; a party may not expand a court's jurisdiction by creative pleading. *Norsk Hydro Canada, Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *Williams v. Sec'y of Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986) ("mere recitation of a basis for jurisdiction, by either a party or a court, cannot be controlling . . . we look to the true nature of the action in the district court in determining jurisdiction of the appeal."). Rule 12(b)(1) provides that "a party may assert . . . by motion" the defense of "lack of subject-matter jurisdiction." USCIT R. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." USCIT R. 12(h)(3).

## II.   AUXIN'S COMPLAINT DOES NOT ESTABLISH JURISDICTION UNDER SECTION 1581(I)

Section 1581(i) is a provision of residual jurisdiction that "may not be invoked where jurisdiction is or could have been available under any other subsection of Section 1581, unless such other relief would be manifestly inadequate." *Wanxiang Am. Corp. v. United States*, 12 F.4th 1369, 1373 (Fed. Cir. 2021) (*citing Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987)). The Federal Circuit has thus described the scope of jurisdiction under § 1581(i) as "strictly limited," *Norcal/Crosetti Foods*, 963 F.2d at 359, because otherwise "litigants could ignore the precepts of subsections (a)–(h) and immediately file suit in the Court of International

Trade under subsection (i)." *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (Fed. Cir. 2022) (*quoting Norcal/Crosetti Foods*, 963 F.2d at 359).

Accordingly, in assessing jurisdiction under Section 1581(i), this Court must consider (1) whether jurisdiction under a subsection other than Section 1581(i) is (or was) available, and, (2) if so, whether the remedy provided under that subsection is "manifestly inadequate." *Erwin Hymer Grp. N.A., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019).

### A.     Plaintiffs Could (and Should) Have Brought Their Claims Under Section 1581(c)

The Courts have consistently held that "[j]urisdiction under § 1581(i) may not be invoked when jurisdiction under any other subsection is or could have been available." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193-94 (Fed. Cir. 2018).  Plaintiffs challenge the substance of the Final Determination and thus should have been brought under Section 1581(c).  The Final Determinations' certifications implement the tariff waiver provisions that Auxin's instant appeal asks this Court to vacate.  Proclamation 10414 and the Final Rule provide the authority for Commerce to waive tariff requirements, but the Final Determinations themselves waive the duty requirements.  Without the Final Determination and its certifications and Commerce's related cash deposit instructions, importers would still be subject to the duties.  And, as explained above, the certification requirements impose duty liability on any importer who fails either to file the requisite certification or to meet the Final Rule's utilization requirement.  In other words. by asking this Court to require duties for the period identified in Proclamation 10414, Plaintiffs are thus requesting that the Court invalidate a portion of the Final Determination, a request which is properly made under Section 1581(c).  *See also* Defs.' Mot. Dismiss at 19, ECF No. 16, ("In sum, {Plaintiffs} are improperly attempting to challenge a portion of the final determinations by

invoking section 1581(i) when {Plaintiffs} are required to follow the well-established process for challenging final administrative determinations under 1581(c).").

Auxin's own arguments before the agency in the relevant administrative proceedings underscore that Plaintiffs' challenge is to the Final Determinations.  As explained above, during the agency proceeding, Auxin argued that several aspects of the Final Rule, as implemented in the Preliminary and Final Determinations, were flawed.  Plaintiff Auxin submitted case briefs challenging Commerce's circumvention tariff waiver during the agency proceedings—including criticism of the Final Rule's applicability to entries predating publication of Proclamation 10414. *See* Cambodia Final IDM at 120–122.  Auxin also disputed the basis for the Final Rule's and Preliminary Determination's utilization requirement. *See id*. at 99, 101–102.  Commerce rejected these arguments, and Plaintiffs appeal Commerce's decision in this regard in the instant appeal. *See id.*; *see also* Compl. at 52, Dec. 29, 2022, ECF No. 2.

Furthermore, the timing of Plaintiffs' appeal further underscores that they are asking the Court to modify the Final Determinations, not the Final Rule, as the Government notes in its Motion. Defs.' Mot. Dismiss at 17, ECF No. 16.  Plaintiffs only initiated the instant appeal after Commerce had published the Final Determination on August 23, 2023—not when the Final Rule was published on September 16, 2022.  This delay of 15 months is telling.  If Auxin were to have challenged the Final Rule without the publication of the Final Determinations, Plaintiffs would have suffered a merely theoretical injury.  Thus, the Final Determinations—not the Final Rule— are the agency actions that Plaintiffs are seeking to challenge in this case.

In addition, final rules promulgated by Commerce are routinely challenged under Section 1581(c), pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi).  The Federal Circuit, for instance, has made clear that a party may challenge the lawfulness of rules or regulations impacting the validity of a

final determination in the context of a Section 1581(c) appeal. *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1386 (Fed. Cir. 2017) (finding, in a Section 1581(c) appeal of a final determination that Commerce's notice-and-comment rulemaking did not meet APA requirements); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1377 (Fed. Cir. 2010) (invalidating a Commerce regulation in a Section 1581(c) case involving challenge to final antidumping determination).

Any allegations of deficiencies in Commerce's application of the Final Rule in the Final Determination could also be challenged in an appeal of the Final Determination itself. *See Weaver v. Fed. Motor Carrier Safety Admin.*, 744 F.3d 142, 145 (D.C. Cir. 2014) ("when an agency seeks to apply a rule, those affected may challenge that application on the grounds that it conflicts with the statute from which its authority derives."); *see also Murphy Exploration & Prod. Co. v. U.S. Dep't of Interior*, 270 F.3d 957, 959 (D.C. Cir. 2001) ("[L]imit[ing] review to the adoption of the rule without further judicial relief at the time of its application . . . would effectively deny many parties ultimately affected by a rule an opportunity to question its validity."). Plaintiffs cannot credibly claim that Section 1581(i) is the only route for invalidating the application of an agency regulation; courts regularly assess regulations in the context of Section 1581(c) appeals. Accordingly, Auxin would not be deprived of an opportunity to challenge the Final Rule by this Court's (proper) denial of 1581(i) jurisdiction. But the Court must reject Plaintiffs' "creative pleading" as a baseless effort to avail themselves of the Court's "strictly limited" jurisdiction pursuant to Section 1581(i). *See Norsk Hydro Canada, Inc.*, 472 F.3d at 1355; *Norcal/Crosetti Foods, Inc.*, 963 F.2d at 359.

**B.**     **The Remedies Available to Plaintiff Under Section 1581(c) Are Not "Manifestly Inadequate"**

As a threshold matter, Plaintiffs have asserted jurisdiction pursuant to Section 1581(i) without claiming that remedies available under Section 1581(c) are "manifestly inadequate."  As a result, Plaintiffs have forfeited this issue in this appeal.  The Federal Circuit's practice on this point is clear: when a Plaintiff does not argue in its opening brief that relief under a subsection other than 1581(i) would be manifestly inadequate, the plaintiff waives or forfeits the argument that any other relief that may have been available to it was manifestly inadequate.  *E.g.*, *Wanxiang Am. Corp.*, 12 F.4th at 1373–74 ("{W}e note that Wanxiang does not argue in its opening brief that relief under another subsection of § 1581 would be manifestly inadequate.  Nor did Wanxiang raise a 'manifestly inadequate' argument at the CIT . . . . Given these circumstances, we find that Wanxiang has waived or forfeited the argument that any other relief that may have been available to it was manifestly inadequate."); *see also Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 469 F.3d 978, 989 (Fed. Cir. 2006) ('An issue not raised by an appellant in its opening brief is waived.' (citations and alterations omitted)"); *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1373 n.3 (Fed. Cir. 2019) (deeming § 1581(i) argument waived on appeal where appellant did not raise issue before the CIT).  Accordingly, Plaintiffs have forfeited their opportunity to show that remedies available under Section 1581(c) are "manifestly inadequate," and thus have failed to meet their burden of proving that jurisdiction is available pursuant to Section 1581(i).

Even ignoring the above defect to Auxin's jurisdictional claim, the remedies available under Section 1581(c) are not "manifestly inadequate," as defined by U.S. law.  As explained above, in assessing whether a remedy is "manifestly inadequate," the Federal Circuit and Court of International Trade generally consider the "true nature" of a plaintiff's claim.  *ARP Materials,*, 47 F.4th at 1377 (finding that the remedy under Section1581(c) was not "manifestly inadequate"

12

because the "true nature" of plaintiff's action was to challenge CBP's classification of goods—a cause of action that plaintiff could have brought under Section 1581(a)); *Wanxiang Am. Corp.*, 12 F.4th at 1374–75 (finding that the remedy under Section 1581(c) was not "manifestly inadequate" because the "true nature" of plaintiff's action was to protest Commerce's assessment of antidumping duties—a cause of action that plaintiff could have brought under Section 1581(c)); *Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1327–30 (Fed. Cir. 2019) (finding that the remedy under Section 1581(c) was not "manifestly inadequate" because the "true nature" of plaintiff's action was to challenge Commerce's evaluation of sales in an administrative review—a cause of action that plaintiff could have brought under Section 1581(c)).  Specifically, "'[d]etermining the true nature of an action under § 1581" requires that [the Court] "discern the particular agency action that is the source of the alleged harm so that we may identify which subsection of § 1581 provides the appropriate vehicle for judicial review.'" *ARP Materials*, 47 F.4th at 1378.  In the instant case, the true nature of Plaintiffs' claim is a request that the Court invalidate the Final Determinations' certifications and corresponding customs instructions. Without the publication of the Final Determinations, Plaintiffs would have incurred a merely theoretical injury by Commerce's publication of the Final Rule.

As explained above, any allegations of deficiencies in Commerce's application of the Final Rule in the Final Determination could also be challenged in an appeal of the Final Determination itself.  *See Weaver*, 744 F.3d at 145; *Murphy Exploration & Prod. Co.*, 270 F.3d at 959.  Relatedly, the Federal Circuit has made clear that an agency's alleged failure to follow required procedures does not render a Section 1581(c) remedy manifestly inadequate.  *Miller*, 824 F.2d at 964  ("[u]nder 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review (citation

omitted).")  As such, to the extent Plaintiffs allege that the Final Determinations waived tariff requirements without observing required procedures, such allegations could be remedied through litigation pursuant to Section 1581(c).

Therefore, not only have Plaintiffs forfeited this argument for the reasons set forth above, but the remedies available to them under Section 1581(c) are clearly not manifestly inadequate. The Court should thus dismiss the Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, BYD respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety due to lack of subject-matter jurisdiction.  A proposed order is enclosed.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W. Washington,
DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

## <u>CERTIFICATE OF COMPLIANCE</u>

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Craig A. Lewis, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures.  Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 4,451 words.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis

HOGAN LOVELLS US LLP

*Counsel to BYD (H.K.) Co., Ltd. ("BYD HK") and BYD America LLC*

Dated: January 26, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK**

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Court No. 23-00274 |

## <u>ORDER</u>

Upon consideration of Proposed Defendant-Intervenors' Motion to Dismiss Plaintiffs' Complaint and the Memorandum in Support of that Motion, and upon consideration of all other papers and proceedings herein, it is hereby

**ORDERED** that Proposed Defendant-Intervenors' Motion to Dismiss Plaintiffs' Complaint is granted; and it is further

**ORDERED** that Plaintiffs' Complaint is dismissed with prejudice.


_____
Hon. Timothy M. Reif, Judge

Dated: _____, 2024
         New York, New York