UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC., <br><br>                    Plaintiffs, <br><br>     v. <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br>                    Defendants. | Court No. 23-00274 |

## PROPOSED DEFENDANT-INTERVENORS' REPLY REGARDING MOTIONS TO DISMISS FOR LACK OF JURISDICTION

March 18, 2024

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................... ii

I.     SECTION 1581(I) PROVIDES A NARROW GRANT OF JURISDICTION ..................3

II.    RELIEF WAS AVAILABLE TO PLAINTIFFS UNDER SECTION 1581(C) ...............6

     A.    This Court Must Reject Plaintiffs' Cynical Attempts to Limit Review of the Final Determinations Under Section 1581(c) to Commerce's Overall Circumvention Finding ......................................................................................7

     B.    Section 1581(i) Jurisdiction Is Limited to Challenges to Customs Instructions that Are Inconsistent with an Underlying Commerce Determination .................11

III.   PLAINTIFFS FAIL TO ESTABLISH THAT JURISDICTION UNDER SECTION 1581(I) IS JUSTIFIED BY THE REMEDY PROVIDED UNDER SECTION 1581(C) BEING "MANIFESTLY INADEQUATE" ...................................................................14

     A.    Plaintiffs Waived Any Argument that the Remedy Available Under Section 1581(c) Would Be "Manifestly Inadequate" ......................................................15

     B.    The Remedy Available to Plaintiffs Under Section 1581(c) Is Not "Manifestly Inadequate" ..............................................................................................................15

          1.    *Zenith* Is Not the Proper Standard ..........................................................16

          2.    The "True Nature" of Plaintiffs' Appeal Is an Attack on the Remedies Implemented by Commerce's Certification Regime in Its Final Determinations ...........................................................................................17

          3.    Liquidation of Some Entries Does Not Render Remedies Under Section 1581(c) Manifestly Inadequate ................................................................18

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Allied-General Nuclear Servs. v. United States*,
    839 F.2d 1572 (Fed. Cir. 1988)..................................................................................14

*AMS Assocs., Inc. v. United States*,
    737 F.3d 1338 (Fed. Cir. 2013)..................................................................................13

*Amsted Rail Co., Inc. v. United States Int'l Trade Comm'n*,
    607 F.Supp.3d 1283 (Ct. Int'l Trade 2022) ..............................................................3

*ARP Materials, Inc. v. United States*,
    47 F.4th 1370 (Fed. Cir. 2022) ..................................................................... 3, 4, 10

*Celik Halat ve Tel Sanayi A.S. v. United States*,
    503 F.Supp.3d 1249 (Ct. Int'l Trade 2021) ......................................................19, 20

*Consolidated Bearings Co. v. United States*,
    348 F.3d 997 (Fed. Cir. 2003)....................................................................................12

*Consolidated Bearings Co. v. United States*,
    412 F.3d 1266 (Fed. Cir. 2005)....................................................................................9

*Corus Staal BV v. United States*,
    493 F.Supp.2d 1276 (Ct. Int'l Trade 2007) ..............................................................11

*Dorbest Ltd. v. United States*,
    604 F.3d 1363 (Fed. Cir. 2010)..............................................................................9, 17

*Erwin Hymer Grp. N.A., Inc. v. United States*,
    930 F.3d 1370 (Fed. Cir. 2019)..............................................................................4, 19

*Hartford Fire Ins. Co. v. United States*,
    544 F.3d 1289 (Fed. Cir. 2008)....................................................... 3, 5, 14, 15

*Hutchison Quality Furniture, Inc. v. United States*,
    827 F.3d 1355 (Fed. Cir. 2016)..............................................................................15, 18

*Int'l Custom Products, Inc. v. United States*,
    467 F.3d 1324 (Fed. Cir. 2006)..............................................................................18, 20

*Intercontinental Chems., LLC v. United States*,
    483 F.Supp.3d 1232 (Ct. Int'l Trade 2020) ..............................................................11

*J.D. Irving, Ltd. v. United States*,
   615 F.Supp.3d 1323 (Ct. Int'l Trade 2023) ........................................................... 11

*Juancheng Kangtai Chem. Co., Ltd. v. United States*,
   932 F.3d 1321 (Fed. Cir. 2019) ............................................................... 13, 14, 15

*King v. Burwell*,
   576 U.S. 473 (2015) ............................................................................................... 5

*Koyo Seiko Co. v. United States*,
   715 F.Supp. 1097 (Ct. Int'l Trade 1989) ............................................................. 17

*Mid Continent Nail Corp. v. United States*,
   846 F.3d 1364 (Fed. Cir. 2017) ....................................................................... 9, 17

*Miller & Co. v. United States*,
   824 F.2d 961 (Fed. Cir. 1987) ..................................................................... 9, 17, 18

*Norcal/Crosetti Foods, Inc. v. United States*,
   963 F.2d 356 (Fed. Cir. 1992) ............................................................................... 6

*Pac Fung Feather Co., Ltd. v. United States*,
   111 F.3d 114 (Fed. Cir. 1997) ............................................................................. 18

*Shinyei Corp. of America v. United States*,
   355 F.3d 1297 (Fed. Cir. 2004) ........................................................................... 12

*Silha v. ACT, Inc.*,
   807 F.3d 169 (7th Cir. 2015) ............................................................................... 14

*Sunpreme Inc. v. United States*,
   892 F.3d 1186 (Fed. Cir. 2018) ............................................................. 4, 14, 15, 19

*Tai-Ao Aluminium (Taishan) Co. v. United States*,
   391 F.Supp.3d 1301 (Ct. Int'l Trade 2019) ........................................................... 9

*Tai-Ao Aluminium (Taishan) Co. v. United States*,
   983 F.3d 487 (Fed. Cir. 2020) ......................................................................... 9, 13

*TR Int'l Trading Co., Inc. v. United States*,
   4 F.4th 1363 (Fed. Cir. 2021) ............................................................................... 5

*Ugine & ALZ Belgium v. United States*,
   551 F.3d 1339 (Fed. Cir. 2009) ........................................................................... 12

*Valeo North America, Inc. v. United States*,
   277 F.Supp.3d 1361 (Ct. Int'l Trade 2017) ......................................................... 20

*Wanxiang Am. Corp. v. United States*,
   399 F.Supp.3d 1323 (Ct. Int'l Trade 2019) ....................................................11

*Williams v. Sec'y of the Navy*,
   787 F.2d 552 (Fed. Cir. 1986).........................................................................4

*Zenith Radio Corp. v. United States*,
   710 F.2d 806 (Fed. Cir. 1983)........................................................................16

## Statutes

19 U.S.C. § 1318(a) ...........................................................................................7

19 U.S.C. § 1516a ......................................................................................*passim*

19 U.S.C. § 1677j(b)(1) .....................................................................................7

28 U.S.C. § 1581 ........................................................................................*passim*

28 U.S.C. 1582(b) ..............................................................................................6

## Regulations

19 C.F.R. § 351.226(m)(1) ............................................................................7, 17

## Administrative Materials

*Final Scope Determination and Final Affirmative Determinations of Circumvention With
   Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't
   Commerce Aug. 23, 2023)...........................................................................*passim*

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With
   Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16,
   2022) ...........................................................................................................*passim*

## Legislative Materials

H.R. Rep. No. 96-1235 (1980) ........................................................................5, 6

S. Rep. No. 96-249 (1979)...................................................................................8

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; AND TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Court No. 23-00274 |

## PROPOSED DEFENDANT-INTERVENORS' REPLY REGARDING MOTIONS TO DISMISS FOR LACK OF JURISDICTION

Defendants and Proposed Defendant-Intervenors previously have demonstrated that this Court lacks subject matter jurisdiction over this litigation.[1] Put simply, jurisdiction over Plaintiffs' claims was available and properly lay under 28 U.S.C. § 1581(c). The "true nature" of Plaintiffs' claim is a challenge to the scope of remedy adopted by the U.S. Department of Commerce ("Commerce") and incorporated in its *Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023) ("Final Determinations"). Like any other aspect of Commerce's Final Determinations, that claim could have and therefore was required to

---

[1] ECF No. 16 (Jan. 22, 2024); ECF No. 32 (Jan. 26, 2024); ECF No. 36 (Jan. 26, 2024); ECF No. 39 (deemed filed Jan. 29, 2024); ECF No. 40 (deemed filed Jan. 29, 2024); ECF No. 41 (deemed filed Jan. 29, 2024); ECF No. 44-1 (Jan. 29, 2024); ECF No. 48 (Jan. 29, 2024); ECF No. 49 (Jan. 30, 2024); ECF No. 53 (Jan. 31, 2024).

have been timely and adequately challenged under 28 U.S.C. § 1581(c). Plaintiffs' fatal decision not to pursue this legally prescribed course of action has deprived this Court of jurisdiction over their claims.

In their Response in Opposition to Defendants' Motion to Dismiss and Other Jurisdictional Arguments, ECF No. 55, Plaintiffs make several mistakes of law and fact in asserting that jurisdiction over the claims raised and relief sought here were not available under 28 U.S.C. § 1581(c). This Court should reject Plaintiffs' arguments and recognize that jurisdiction based on 28 U.S.C. § 1581(i) is foreclosed.

Plaintiffs wrongly characterize Section 1581(i) as granting "broad residual jurisdiction" to this Court. It does not. To the contrary, it is well-settled that jurisdiction under Section 1581(i) is "strictly limited" to cases in which the plaintiff could not bring the action under a separate subsection of Section 1581 or, if not otherwise prohibited by the statute, if the remedy available under a separate subsection of Section 1581 is "manifestly inadequate."

As to the first potential basis for invoking jurisdiction under Section 1581(i), jurisdiction was available under Section 1581(c). Absent its implementation through Commerce's Final Determinations, Commerce's Final Rule causes no more than a theoretical injury to Plaintiffs' interests. *See Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) ("Final Rule"). Plaintiffs have repeatedly acknowledged to this Court that this litigation is about the remedy imposed as an integral part of the Final Determinations, not Commerce's Final Rule. Because the "true nature" of Plaintiffs' action is thus a challenge to Commerce's circumvention Final Determinations, jurisdiction is (or was) available under Section 1581(c).

As to the second potential basis for invoking Section 1581(i) jurisdiction, whether the remedy under Section 1581(c) would be "manifestly inadequate," Plaintiffs' opposition brief mischaracterizes the relevant case law and confuses the applicable legal standards. The plain text of Section 1581(i)(2) precludes the invocation of Section 1581(i) jurisdiction if review is or was available under Section 1581(c). As such, this Court need not consider this potential basis for Section 1581(i) jurisdiction. Moreover, any alleged deficiencies in Commerce's application of the Final Rule in the Final Determinations could plainly have been challenged in an appeal of the Final Determinations themselves, which would have afforded Plaintiffs a manifestly *adequate* remedy.

For these reasons and those presented by the Defendants in support of their motion to dismiss, this Court should reject Plaintiffs' arguments and dismiss the action for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i).

## I.    SECTION 1581(I) PROVIDES A NARROW GRANT OF JURISDICTION

"Establishing § 1581(i) jurisdiction is a difficult task." *Amsted Rail Co., Inc. v. United States Int'l Trade Comm'n*, 607 F.Supp.3d 1283, 1291 (Ct. Int'l Trade 2022). The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has described the scope of jurisdiction under Section 1581(i) as "strictly limited," *e.g.*, *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1293 (Fed. Cir. 2008), because otherwise "litigants could ignore the precepts of subsections (a)–(h) and immediately file suit in the {U.S. Court of International Trade ("CIT")} under subsection (i)." *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1377 (Fed. Cir. 2022) (internal citations omitted). Thus, when assessing jurisdiction under Section 1581(i), the plaintiff bears the burden of proving that either (a) jurisdiction under a subsection other than Section 1581(i) is (or was) not available, or, where not otherwise prohibited by the statute, (b) that the remedy provided under

another provision of Section 1581 is "manifestly inadequate."  *See*, *e.g.*, *Erwin Hymer Grp. N.A.,*
*Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019).

To determine whether a plaintiff has met the first prong of the jurisdictional analysis under
Section 1581(i), a court must "discern the particular agency action that is the source of the alleged
harm so {as to} identify which subsection of § 1581 provides the appropriate vehicle for judicial
review."  *Id.* at 1378.  Accordingly, "{s}ubstance, not form, is controlling" for purposes of
establishing jurisdiction.  *Williams v. Sec'y of the Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986); *see*
*also Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) (rejecting a claim of
jurisdiction under Section 1581(i) where the relief sought was "the very relief associated with"
appeal of a separate agency determination).

Importantly, the statute expressly provides that Section 1581(i) "shall not confer
jurisdiction over an antidumping or countervailing duty determination which is reviewable
by . . . the CIT under {19 U.S.C. § 1516a}."  28 U.S.C. § 1581(i)(2)(A).  Accordingly, if a
determination is reviewable under Section 1516a – such as an antidumping and/or countervailing
duty circumvention final determination – and therefore falls within Section 1581(c) jurisdiction,
then review under Section 1581(i) is strictly prohibited.  *See also* 19 U.S.C. § 1516a(a)(2)(B)(vi)
(providing exclusive jurisdiction over claims arising out of "(vi) {a} determination by the
administering authority as to whether a particular type of merchandise is within the class or kind
of merchandise described in an existing finding of dumping or antidumping or countervailing duty
order").  The statute does not contain a similar prohibition with respect to determinations falling
under the other subsections of Section 1581(i), in which case the court may apply the "manifestly
inadequate" exception.  But the statutory language is plain with respect to Section 1581(c)—
Section 1581(i) cannot confer jurisdiction where jurisdiction would otherwise exist under Section

1581(c) (*i.e.*, when a determination is reviewable under Section 1516a). When "the statutory language is plain," the Court "must enforce it according to its terms." *King v. Burwell*, 576 U.S. 473, 474 (2015). Accordingly, permitting Section 1581(i) jurisdiction in this matter would violate the clear intent of Congress—this Court must not exercise Section 1581(i) jurisdiction over a determination reviewable under 19 U.S.C. § 1516a.

Moreover, even in cases in which it would be appropriate for a court to consider whether a remedy is "manifestly inadequate" under the second prong, a plaintiff must provide affirmative evidence that a claim under the other subsection of Section 1581 would be an "exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual vain." *Hartford Fire*, 544 F.3d at 1294 (internal quotation marks omitted); *TR Int'l Trading Co., Inc. v. United States*, 4 F.4th 1363, 1370 (Fed. Cir. 2021) ("The burden is on {plaintiff} to demonstrate that § 1581(c) jurisdiction is unavailable or manifestly inadequate, and hypotheticals are not enough to carry that burden.").

Finally, relying on legislative history, Plaintiffs misleadingly claim that Section 1581(i) "grants 'broad residual jurisdiction to the {CIT}'" where relief is unavailable under another subsection of § 1581." ECF No. 55 at 11 (citing H.R. Rep. No. 96-1235, at 33 (1980)). The passage referenced by Plaintiffs describes in general the jurisdiction of the CIT, which was then newly established, relative to the U.S. district courts.[2] Congress did not intend for Section 1581(i) to create a comparatively "broad grant" of jurisdiction relative to the other subsections of Section

---

[2]    Plaintiffs fail to reflect the complete discussion of Section 1581(i) jurisdiction in the report, which states that "{t}he purpose of this section was to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the federal district courts and the {CIT}. This language made it clear that all suits of this type are properly commenced only in the {CIT} and not in a district court," and that "the Committee did not intend to create any new causes of action, but merely to designate definitively the appropriate forum." H.R. Rep. No. 96-1235 at 33.

1581, and Congress "did not intend to create any new causes of action" by including a residual jurisdiction provision.  H.R. Rep. No. 96-1235 at 33.  Put simply, there was no legislative intent to establish jurisdiction over new types of claims or otherwise alter jurisdiction over matters under 19 U.S.C. § 1516a – including circumvention determinations – which the enactment of Section 1581 expressly left undisturbed.  *Id.* at 45 ("Subsection (c) of proposed Section 1581 is a restatement of the law as it currently exists in 28 U.S.C. 1582(b).  This Subsection grants the {CIT} exclusive jurisdiction over civil actions commenced to review those antidumping and countervailing duty determinations listed in Section 516a of the Tariff Act of 1930.").  Plaintiffs' characterization of Section 1581(i) is inconsistent with the case law discussed above, and courts have unequivocally rejected Plaintiffs' characterization of Section 1581(i) as a provision providing "broad residual jurisdiction."  *See*, *e.g.*, *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992) (". . .  unambiguous precedents of this court make clear that its scope is strictly limited.").  Plaintiffs' claim that the legislative history supports a broad, catch-all jurisdictional provision is both unfounded and simply wrong.

## II.    RELIEF WAS AVAILABLE TO PLAINTIFFS UNDER SECTION 1581(C)

Plaintiffs could and should have brought this action under 28 U.S.C. § 1581(c), which provides the CIT "jurisdiction of any civil action commenced under section 516A . . . of the Tariff Act of 1930."  First, Plaintiffs distort the plain meaning of the statute in attempting to limit the scope of jurisdiction under Section 1581(c).  Second, Plaintiffs fail to articulate how their challenge to customs instructions that are consistent with an underlying Commerce determination can properly be commenced under Section 1581(i), rather than Section 1581(c).

A.    **This Court Must Reject Plaintiffs' Cynical Attempts to Limit Review of the Final Determinations Under Section 1581(c) to Commerce's Overall Circumvention Finding**

Seeking to avoid the jurisdiction established pursuant to 28 U.S.C. § 1581(c), Plaintiffs claim that "the instant action does not challenge Commerce's 'determination…as to whether' circumvention is occurring, nor does it challenge the factual findings or legal conclusions on which Commerce based its determination as to whether circumvention is occurring," and that the "true nature" of their action is a "facial attack" on the Final Rule promulgated under 19 U.S.C. § 1318(a). ECF No. 55 at 14, 22–23 (internal citations omitted).  Plaintiffs thus assert that the Complaint "falls outside the ambit of determinations contemplated by 1581(c)."  ECF No. 55 at 23.  This argument fails for several reasons.

First, the scope of the Final Determinations' remedy is not a separate (and separately challengeable) agency determination.  It is an integral and inseparable part of the Final Determinations themselves.  Plaintiffs fail to recognize that any affirmative circumvention determination necessarily involves more than a simple determination that circumvention has occurred.  In fact, Commerce's regulations require that circumvention determinations include "the appropriate remedy to address circumvention and to prevent evasion of the order," such as "the implementation of a certification requirement."  19 C.F.R. § 351.226(m)(1); *see also* 19 U.S.C. § 1677j(b)(1) (granting discretion to Commerce on whether and how to address circumvention). There is no basis in law or logic to separate the remedy adopted as part of the circumvention determination from the top-level finding of circumvention.  This Court should reject Plaintiffs' efforts to separate these integral elements of the same agency determination to artificially manufacture jurisdiction outside of subsection (c).

Plaintiffs also rely on faulty statutory interpretation to support their claim.  Plaintiffs wrongly assert that 19 U.S.C. § 1516a(a)(2)(B)(vi), which plainly provides for judicial review of

circumvention final determinations under 28 U.S.C. § 1581(c), limits that review to solely the binary question of whether there was or was not circumvention. Specifically, Plaintiffs claim that the CIT is somehow precluded from considering the remedy adopted as part of such a determination in an appeal prosecuted under 28 U.S.C. §1581(c) jurisdiction. Plaintiffs compare the provision applicable to scope and circumvention determinations (Section 1516a(a)(2)(B)(vi), which allows parties to contest "a determination . . . as to whether a particular type of merchandise is within the class or kind of merchandise"), with the provision applicable to administrative reviews (Section 1516a(a)(2)(B)(iii), which allows parties to contest "a final determination . . . under section 1675 of this title"). Plaintiffs argue that the scope of the CIT's jurisdiction in an appeal under Section 1516a(a)(2)(B)(vi) is more limited than one under Section 1516a(a)(2)(B)(iii).[3] This is nonsense.

There is no basis upon which to ascribe congressional intent to define "determination" in one provision in a more limited sense than in the other. Despite Plaintiffs' effort to cherry pick certain legislative history language, the Senate Report to which Plaintiffs cite plainly provides that "{t}he new provisions contemplate greater access to the {CIT} for an expanded number of parties, more opportunity for interlocutory judicial review during antidumping and countervailing duty

---

[3]    Plaintiffs' narrow interpretation of the "class or kind" language of Section 1516a(a)(2)(B)(vi) reads much of Commerce's mandate in circumvention proceedings out of the statute. A "class or kind" finding is only one of several distinct findings Commerce must make in circumvention proceedings to justify remedial action. Thus, in third-country assembly circumvention proceedings such as those at issue in the instant case, 19 U.S.C. § 1677j(b)(1)(A) obliges Commerce to first evaluate whether imported merchandise is of the same "class or kind" as that subject to the relevant antidumping or countervailing duty order, but it goes on to require four separate and distinct additional findings, including whether the third-country processing is "minor or insignificant." *See* 19 U.S.C. §§ 1677j(b)(1)(B)–(E). Plaintiffs' unduly narrow construction of the jurisdictional statute necessarily means that while 1581(c) countenances a challenge to Commerce's "class or kind" analysis in a circumvention proceeding, a challenge to these *other* substantive findings in such a proceeding – including the "minor or insignificant" analysis – is unavailable (or would need to be separately litigated as a 1581(i) claim). That is an absurd result that lacks any precedential basis.

proceedings, and expedited appeals from administrative determinations." S. Rep. No. 96-249, at 245 (1979). Nothing in this Senate Report suggests that CIT appeals should be limited in the manner Plaintiffs are proposing solely for scope and circumvention cases. If anything, the text suggests the opposite.[4]

Second, even if the scope of remedy adopted by Commerce could somehow be separated from the merits of the circumvention determination itself, for example by characterizing it as merely a "procedural" aspect of the circumvention determination, that distinction would not rescue Plaintiffs' jurisdictional claim. The Federal Circuit and CIT have repeatedly ruled that judicial review under 19 U.S.C. § 1516a is broad and available for challenges to both the procedural correctness and the substantive merits of a final determination. *See, e.g.*, *Miller & Co. v. United States*, 824 F.2d 961, 964 (Fed. Cir. 1987) ("Under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review.") (internal citations omitted); *see also Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1386 (Fed. Cir. 2017) (finding, in a Section 1581(c) appeal of a final determination, that Commerce violated the APA in promulgating a rule applied in that determination); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1377 (Fed. Cir. 2010) (invalidating a Commerce regulation in a Section 1581(c) case involving challenge to final antidumping determination). For example, the CIT in *Tai-Ao Aluminium (Taishan) Co. v. United States* reviewed customs instructions implementing a circumvention determination pursuant to Section 1581(c). 391 F.Supp.3d 1301, 1310, 1316 (Ct. Int'l Trade 2019). On appeal, the Federal Circuit

---

[4]    "Subsection (A) of new Section 516A provides a list of the types of antidumping and countervailing determinations which will now be reviewable. This increase in the number of determinations subject to judicial review in the {CIT} is intended to provide greater procedural safeguards than exist under current law and expedite the obtaining of judicial relief. These changes are also designed to make it clear that the {CIT} is the appropriate forum for the resolution of all disputes concerning antidumping and countervailing duties." S. Rep. No. 96-249 at 250.

implicitly agreed with the CIT's jurisdictional determination by applying the "substantial evidence" standard of review set forth in 19 U.S.C. § 1516a, which applies only to cases under Section 1581(c).[5] *Tai-Ao Aluminium (Taishan) Co. v. United States*, 983 F.3d 487, 493 (Fed. Cir. 2020). Thus, the CIT and the Federal Circuit have recognized that issues beyond a finding of circumvention itself are reviewable under Section 1581(c).

In its circumvention Final Determinations, Commerce addressed and rejected many of the same arguments that Plaintiff Auxin Solar raises here, including Commerce's adoption of the Final Rule as part of its circumvention determination. *See* ECF No. 2, ¶¶ 85–94 *with* Final Determinations and accompanying Issues and Decision Memoranda at cmts. 23, 26 (Cambodia); 18, 21 (Thailand); 20, 23 (Malaysia); 21, 24 (Vietnam). The Federal Circuit has relied on the agency having made factual and legal determinations in the course of reaching a decision as a basis for concluding that a challenge to a decision by U.S. Customs and Border Protection ("CBP") properly rested under Section 1581(a), which grants jurisdiction over appeals of protestable CBP decisions, rather than Section 1581(i). *ARP Materials*, 47 F.4th at 1378 ("Customs made substantive legal determinations—interpreting the HTSUS subheadings—and factual determinations—determining whether the entries fell within those subheadings—that it had the authority to make.") (internal citations omitted). Just as jurisdiction lies outside of Section 1581(i) to review the legal and factual reasoning underpinning CBP decisions appealable under Section 1581(a), jurisdiction lies outside of Section 1581(i) to review the legal and factual reasoning underpinning Commerce's circumvention decisions appealable under Section 1581(c). Plaintiffs'

---

[5]     If jurisdiction had been under Section 1581(i), the Federal Circuit would have applied the Administrative Procedure Act's arbitrary and capricious standard. *See Consolidated Bearings Co. v. United States*, 412 F.3d 1266, 1269 (Fed. Cir. 2005).

proposed review under subsection (i) would artificially bisect the agency's determination, stripping this Court of the ability to assess the substance underlying a determination by Commerce.

**B.    Section 1581(i) Jurisdiction Is Limited to Challenges to Customs Instructions that Are Inconsistent with an Underlying Commerce Determination**

Plaintiffs also fail to rebut that a party may invoke Section 1581(i) jurisdiction to challenge Commerce's liquidation instructions only when alleging that the instructions are inconsistent with Commerce's underlying final determination.  *See* ECF No. 16 at 17–18.  Plaintiffs attempt to distinguish the cases cited in the Motions to Dismiss involving Section 1581(c) review on the ground that they involved administrative reviews, also asserting that "controlling decisions" by the Federal Circuit establish that challenges to customs instructions are instead reviewable under Section 1581(i).  ECF No. 55 at 8–9, 16–19.  Plaintiffs are wrong.

As explained above, customs instructions consistent with Commerce's final determinations are reviewable under Section 1581(c), including those determinations related to circumvention. Furthermore, the CIT has dismissed challenges brought under Section 1581(i) to customs instructions when they are consistent with the underlying Commerce determination.  Plaintiffs assert that these opinions "cannot, as a legal matter, stand for the proposition that Section 1581(i) jurisdiction is only available where liquidation instructions are inconsistent with a final determination that is otherwise appealable under Section 1581(c)."  ECF No. 55 at 18.  Yet, that is the *exact holding* in those cases.  *See, e.g.*, *J.D. Irving, Ltd. v. United States*, 615 F.Supp.3d 1323, 1332–33 (Ct. Int'l Trade 2023) (dismissing purported challenge to customs instructions brought under Section 1581(i) and summarizing the CIT's caselaw as establishing that "the 'true nature' of an action involves Commerce's instructions to Customs in circumstances in which the instructions are *inconsistent with or contain a legal error that is distinct from Commerce's determination*") (emphasis in original); *Intercontinental Chems., LLC v. United States,* 483

F.Supp.3d 1232, 1240 (Ct. Int'l Trade 2020) (dismissing Section 1581(i) action and explaining "Commerce did not commit a new error," but rather "issued liquidation instructions based on the Final Results of an administrative review"); *Wanxiang Am. Corp. v. United States*, 399 F.Supp.3d 1323, 1331–33 (Ct. Int'l Trade 2019) (dismissing Section 1581(i) action and concluding that contested guidance of Commerce "reiterated — . . . rather than deviat{ed} from — the results of the administrative reviews" and, consequently, plaintiff could have brought action under Section 1581(c)); *Corus Staal BV v. United States*, 493 F.Supp.2d 1276, 1285 (Ct. Int'l Trade 2007) ("This Court finds that Corus's action is not actually a challenge to the liquidation instructions. A challenge to liquidation instructions contends that the instructions themselves do not accurately reflect the results of the underlying administrative proceeding.") (internal citations omitted).

Plaintiffs contend that the Federal Circuit's decisions in *Ugine & ALZ Belgium v. United States*, 551 F.3d 1339 (Fed. Cir. 2009) ("*Ugine CAFC II*"), *Shinyei Corp. of America v. United States*, 355 F.3d 1297 (Fed. Cir. 2004), and *Consolidated Bearings Co. v. United States*, 348 F.3d 997 (Fed. Cir. 2003), establish that challenges to liquidation instructions fall under Section 1581(i) jurisdiction, regardless of the instructions' consistency with the underlying Commerce determination. But the CIT decisions discussed above, which post-date those Federal Circuit decisions, rejected Plaintiffs' proposed interpretation of the Federal Circuit's jurisprudence. And for good reason.

In all three cases, the Federal Circuit emphasized that the plaintiff was *not* challenging any aspect of the underlying determination, and that the instructions were inconsistent with the underlying determination. *See Ugine CAFC II*, 551 F.3d at 1347–49 (challenging liquidation instructions issued long after final results that were directed at merchandise not covered by antidumping order); *Shinyei*, 355 F.3d at 1309 ("As we have recently held, a challenge to

12

Commerce instructions *on the ground that they do not correctly implement the published, amended administrative review results*, 'is not an action defined under section 516A of the Tariff Act.'" (emphasis added) (quoting *Consolidated Bearings*, 348 F.3d at 1002)); *Consolidated Bearings*, 348 F.3d at 1001 (plaintiff brought action to "compel Commerce to apply the antidumping rates in the final results").

In subsequent cases, the Federal Circuit itself has treated challenges to customs instructions that accurately implement Commerce's underlying determination as falling under Section 1581(c), not 1581(i). *See*, *e.g.*, *Tai-Ao Aluminium*, 983 F.3d at 493 (treating a challenge to customs instructions that directly implemented a circumvention determination as falling under Section 1581(c)); *Juancheng Kangtai Chem. Co., Ltd. v. United States*, 932 F.3d 1321, 1327–29 (Fed. Cir. 2019) (finding jurisdiction lacking under Section 1581(i) over purported challenge to liquidation instructions when instructions directly implemented decisions made by Commerce during underlying administrative reviews); *AMS Assocs., Inc. v. United States*, 737 F.3d 1338, 1342–43 (Fed. Cir. 2013) (applying the "substantial evidence" standard applicable to cases under Section 1581(c) in review of customs instructions issued by Commerce).

In sum, notwithstanding Plaintiffs' arguments to the contrary, the "true nature" of Plaintiffs' claim is a request that this Court invalidate the scope of remedy considered, adopted, and incorporated in the Final Determinations themselves. Commerce decided in the Final Determinations, consistent with the Final Rule, not to direct CBP to suspend liquidation or to require cash deposits of estimated duties on "applicable entries" (made from April 1, 2022, through June 6, 2024), so long as U.S. importers comply with Commerce's certification requirements and published certification language that would be administered by CBP. Final Determinations, 88 Fed. Reg. at 57,421–22. Whether Commerce had adequate reason or authority to adopt this

13

particular remedy is a question going to the merits of the circumvention determination itself. Plaintiffs are, in short, asking this Court to order Commerce to reverse course and instruct CBP to act inconsistently with the decisions Commerce made in and as part of the Final Determinations. Because Plaintiffs' objections lay with the Final Determinations, Plaintiff was required to raise those arguments in a case brought under Section 1581(c), not in this belated action under Section 1581(i).

### III.    PLAINTIFFS FAIL TO ESTABLISH THAT JURISDICTION UNDER SECTION 1581(I) IS JUSTIFIED BY THE REMEDY PROVIDED UNDER SECTION 1581(C) BEING "MANIFESTLY INADEQUATE"

Plaintiffs also fail to meet their burden to show that their alleged harm could not have been redressed under Section 1581(c). Plaintiffs have "the burden to show that the remedy would be manifestly inadequate." *Sunpreme*, 892 F.3d at 1191; *see also Juancheng Kangtai*, 932 F.3d at 1326 ("The party invoking the CIT's jurisdiction bears the burden of establishing it."). To meet their burden, Plaintiffs must demonstrate why the relief provided for under Section 1581(c) would be an "exercise in futility, or incapable of producing *any* result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain." *Hartford Fire*, 544 F.3d at 1294 (emphasis added) (internal quotation marks omitted).

As a threshold matter, and as explained in Section I, above, Section 1581(i) imposes a jurisdictional limit over antidumping or countervailing duty determinations reviewable by the CIT under 19 U.S.C. § 1516a. 28 U.S.C. § 1581(i)(2)(A). Accordingly, because circumvention determinations are reviewable under Section 1516a, review under Section 1581(i) is strictly prohibited, and this Court need not assess whether the remedy available under Section 1581(c) would be "manifestly inadequate."

**A.     Plaintiffs Waived Any Argument that the Remedy Available Under Section 1581(c) Would Be "Manifestly Inadequate"**

Plaintiffs waived any arguments that the relief available under Section 1581(c) is manifestly inadequate by failing to address these arguments in their Complaint.  "Subject-matter jurisdiction of the federal courts is initially determined according to the well-pleaded complaint." *Allied-General Nuclear Servs. v. United States*, 839 F.2d 1572, 1575 (Fed. Cir. 1988) (internal quotation marks omitted); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (adopting the approach of its "sister circuits" that the "*Twombly-Iqbal* facial plausibility requirement for pleading a claim is incorporated into the standard for pleading subject matter jurisdiction").  This Court, therefore, must look to the Complaint to determine whether Plaintiffs met their burden to establish jurisdiction under Section 1581(i).  Plaintiffs do not dispute that they failed to plead in their Complaint that the remedy available under other subsections of Section 1581 would be manifestly inadequate.  *See* ECF No. 55 at 35.  Nor could Plaintiffs dispute this fact, given that they merely assert in their Complaint that jurisdiction does not exist under Section 1581(c) without addressing why any remedy potentially available under that subsection would be an "exercise in futility—*i.e.*, incapable of producing any result."  *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1362 (Fed. Cir. 2016) (internal quotation marks omitted); *see also* ECF No. 2 at 3–5.  By failing to establish that the remedy available under Section 1581(c) is incapable of producing "any result" in their Complaint, Plaintiffs have waived the arguments presented on this issue in their Response to the Government's Motion to Dismiss.

**B.     The Remedy Available to Plaintiffs Under Section 1581(c) Is Not "Manifestly Inadequate"**

Assuming *arguendo* that the "manifestly inadequate" standard is relevant to this case, Plaintiffs have "the burden to show that the remedy would be manifestly inadequate."  *Sunpreme*, 892 F.3d at 1191; *see also Juancheng Kangtai*, 932 F.3d at 1326 ("The party invoking the CIT's

jurisdiction bears the burden of establishing it." (internal quotation marks omitted)).  To meet their burden, Plaintiffs must demonstrate why the relief provided for under Section 1581(c) would be an "exercise in futility, or incapable of producing *any* result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain."  *Hartford Fire*, 544 F.3d at 1294 (emphasis added) (internal quotation marks omitted).  Plaintiffs cannot establish that the remedy available under Section 1581(c) is manifestly inadequate by being "incapable of producing *any* result." *Hutchison*, 827 F.3d at 1362 (emphasis added) (internal quotation marks omitted).

### 1.    *Zenith* **Is Not the Proper Standard**

Plaintiffs misappropriate the "irreparable harm" precedents of the Federal Circuit to argue that "relief under Section 1581(c) is manifestly inadequate."  ECF No. 55 at 27–29 (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983)).  But *Zenith* is distinguishable. In *Zenith*, the Federal Circuit reversed the CIT's denial of a preliminary injunction on the basis that the plaintiff "failed to show that it will suffer irreparable harm in the absence of an injunction." 710 F.2d at 807.  The Federal Circuit confirmed that, in fact, the plaintiff would be irreparably harmed because they would be deprived of any meaningful judicial relief if the administrative review entries were allowed to liquidate before a remedy could be applied.  *Id.* at 810 (finding that, absent an injunction, plaintiff's "statutory right to obtain judicial review of the determination would be without meaning for the only entries permanently affected by that determination.").

The situation here is plainly not analogous.  As demonstrated above, Plaintiffs had a full and adequate opportunity for judicial review of their claims concerning the scope of remedy adopted as part of the Final Determinations had they simply availed themselves of Section 1581(c) jurisdiction.  Any inability to pursue that claim now is of Plaintiffs' own making and is a direct consequence of their own failure to pursue that judicial remedy when it was still available.  In other words, if Plaintiffs are being deprived of meaningful relief, this is due to Plaintiffs' own

decisions and not the result of inadequacy in the statutory review scheme that can or should be remedied by this Court through an erroneous extension of Section 1581(i) jurisdiction.

> ### 2. The "True Nature" of Plaintiffs' Appeal Is an Attack on the Remedies Implemented by Commerce's Certification Regime in Its Final Determinations

As noted, the "true nature" of Plaintiffs' challenge is to Commerce's certification regime implemented as part of its Final Determinations.  Commerce's circumvention regulation states that Commerce "shall consider, based on the available record evidence, the appropriate remedy to address circumvention and to prevent evasion of the order," including the potential "implementation of a certification requirement."  19 C.F.R. § 351.226(m)(1)(iv).  As contemplated by Commerce's circumvention regulation, the Final Determinations implemented the Final Rule through the Appendix IV certification and Commerce's customs instructions.  Because the challenged regulation was given effect as part of the certification remedy in Commerce's Final Determinations, the "true nature" of Plaintiffs' appeal is an attack on those circumvention determinations, which, as explained above, could have been challenged in an appeal of the Final Determinations themselves under Section 1581(c).

According to Plaintiffs, relief under Section 1581(c) is manifestly inadequate because Commerce's Final Rule prescribed "a mandatory course of action that obliged Commerce to . . . forego the suspension of liquidation and collection of cash deposits that would have otherwise been {collected}" under Commerce's regulatory framework pertaining to a circumvention inquiry.  ECF No. 55 at 30.  The relevant question, however, is not whether Commerce was bound by its own regulations when it issued the Final Determinations.  (It was.)  Instead, this Court must inquire whether relief is available under Section 1581(c) if Commerce acted unlawfully in following that regulation.  This Court must answer in the affirmative.  *See, e.g.*, *Mid Continent Nail*, 846 F.3d at 1386 (invalidating Commerce regulation in a Section 1581(c)

case involving challenge to final antidumping determination); *Dorbest*, 604 F.3d at 1372–73 (same). An agency's alleged failure to follow required procedures does not render a Section 1581(c) remedy manifestly inadequate. *See Miller*, 824 F.2d at 964 ("{U}nder 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review." (internal citations omitted)); *see also Koyo Seiko Co. v. United States*, 715 F.Supp. 1097, 1100 (Ct. Int'l Trade 1989) ("{Congress} intended that {Section 1581(i)} should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made." (internal quotation marks and citation omitted)).[6] In *Miller*, the Federal Circuit affirmed this Court's dismissal of an appeal brought under Section 1581(i) because the plaintiff could have brought its action under Section 1581(c) to challenge Commerce's final determination as unenforceable when Commerce "did not complete its review within the statutory time period." 824 F.2d at 962. As in *Miller*, to the extent Plaintiffs allege that the Final Determinations waived tariff requirements without observing required procedures, such allegations could be remedied in a Section 1581(c) action.

### 3.     Liquidation of Some Entries Does Not Render Remedies Under Section 1581(c) "Manifestly Inadequate"

Plaintiffs also misapply the applicable test to determine whether the relief provided under Section 1581(c) is manifestly inadequate. Plaintiffs assert that Section 1581(c) fails to "redress

---

[6]     Plaintiffs claim that relief under Section 1581(c) is inadequate because Commerce's Final Rule " 'unmistakably' indicate{d} how it would determine the issue in dispute . . . ." ECF No. 55 at 30 (citing *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1328 (Fed. Cir. 2006) (quoting *Pac Fung Feather Co., Ltd. v. United States*, 111 F.3d 114, 116 (Fed. Cir. 1997)). Plaintiffs are wrong. The cited decision stands for the exact opposite proposition, as the Federal Circuit "reiterat{ed}" the warning "against making such assumptions of futility." *Int'l Custom Prods.*, 467 F.3d at 1328. Here too, Plaintiffs improperly assumed that relief was not available under Section 1581(c).

the extent of the harm caused by the {Final Rule}," because certain entries may have liquidated before Plaintiffs could have brought an action challenging Commerce's Final Determinations under Section 1581(c).  ECF No. 55 at 27–29.  Plaintiffs wrongly presume that jurisdiction under Section 1581(c) can only be adequate if the Court's jurisdictional authority can provide Plaintiffs with the full scope of the relief requested in their Complaint.  A remedy is only manifestly inadequate, however, if it is "incapable of producing *any* result."  *Hutchison*, 827 F.3d at 1362 (emphasis added) (internal quotation marks omitted).  The fact that a portion of the entries covered by Commerce's Final Determinations may have liquidated as Plaintiffs claim does not mean that jurisdiction under Section 1581(c) is "incapable of producing *any* result."  Plaintiffs could have challenged the legality of Commerce's certification regime and customs instructions under Section 1581(c), and a judgment that Commerce acted unlawfully could have impacted any entries that remain unliquidated.  The availability of this potential relief is sufficient to establish that the remedy available under Section 1581(c) is not manifestly inadequate.

Beyond misapplying the applicable test, Plaintiffs also cannot hide behind "creative pleadings" focused on liquidation concerns when they are really seeking relief from the alleged financial harm caused to their businesses by purportedly circumventing merchandise.  *Erwin Hymer Grp. N. Am.*, 930 F.3d at 1376.  The act of liquidation itself does not impose a direct burden on Plaintiffs, because importers pay the applicable duties.  Nor does the act of liquidation with antidumping or countervailing duties provide a direct benefit to Plaintiffs, as the Government receives the duties from the importer.  Plaintiffs' Complaint asserts that "the U.S. industry suffered from weak financial performance that prevented it from making additional adjustments to compete with these injurious imports."  *See* ECF No. 2 at 14.  Yet Plaintiffs themselves recognize that "allegations of 'financial hardship' do not make alternative jurisdictional avenues manifestly

inadequate." ECF No. 55 at 13 (quoting *Sunpreme*, 892 F.3d at 1193–94); *see also Celik Halat ve Tel Sanayi A.S. v. United States*, 503 F.Supp.3d 1249, 1254 (Ct. Int'l Trade 2021) ("{F}inancial hardships resulting from a company's participation in administrative proceedings, and subsequent judicial review of such proceedings, is insufficient to render the court's jurisdiction under § 1581(c) manifestly inadequate, even if the financial hardship is severe.").

Moreover, parties are often displeased and prejudiced by both affirmative and negative preliminary determinations in antidumping and countervailing duty proceedings, whether by allegedly incorrect decisions regarding scope, dumping, subsidization, or the specific rates calculated by Commerce. But Congress, in drafting 19 U.S.C. § 1516a, specifically required aggrieved parties to wait until a final determination before jurisdiction lies in the CIT, and Congress precluded the use of Section 1581(i) to review determinations reviewable under 19 U.S.C. § 1516a. The "delays inherent in the statutory process do not render {the available relief} manifestly inadequate." *Int'l Customs Prods.*, 467 F.3d at 1327; *see also Celiak*, 503 F.Supp.3d at 1253 ("That judicial review may be delayed by requiring a party to wait for Commerce's final determination is not enough to render judicial review under § 1581(c) manifestly inadequate."); *Valeo North America, Inc. v. United States*, 277 F.Supp.3d 1361, 1366 (Ct. Int'l Trade 2017) ("Plaintiffs' remedy is to continue participating in the administrative proceedings below until they are concluded with the final determination at which point Plaintiffs may, if they choose, appeal Commerce's final determination by filing suit in this Court under § 1581(c), challenging the final determination as not supported by substantial evidence and/or contrary to law."). The financial hardship allegedly imposed on Plaintiffs by the possible duty-free liquidation of certain entries that potentially compete with Plaintiffs' merchandise – and the delays inherent

in Commerce reaching its Final Determinations – are insufficient to establish that the remedy available under Section 1581(c) is manifestly inadequate.

*     *     *

For these reasons and those set forth in Proposed Defendant-Intervenors' motions to dismiss, jurisdiction pursuant to Section 1581(i) is not available. Proposed Defendant-Intervenors therefore respectfully urge the Court to grant the Motions to Dismiss submitted by Defendants and Proposed Defendant-Intervenors.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and BYD America LLC*

/s/ Jonathan T. Stoel
Jonathan T. Stoel
Michael G. Jacobson
Nicholas R. Sparks
Lindsay K. Brown

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited*

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Bryan P. Cenko
Clemence D. Kim
Evan P. Drake
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd., JA Solar International Limited, and American Clean Power Association*

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
J. Kevin Horgan
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.
Suite 1101
Washington, D.C. 20005

*Counsel to Risen*

/s/ John B. Brew
John B. Brew
Robert L. LaFrankie
Amanda S. Berman
Alexander H. Schaefer
Weronika Bukowski
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Tel: (202) 6242720
E-mail: jbrew@crowell.com

*Counsel to Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC*

Dated: March 18, 2024

/s/ Jonathan M. Freed
Jonathan M. Freed
Kenneth N. Hammer
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Ave, SE
Washington, DC 20003
Phone: (202) 223-3760
E-mail: jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, and Trina Solar (Vietnam) Science & Technology Co., Ltd.*

/s/ Matthew R. Nicely
Matthew R. Nicely
Julia K. Eppard
Daniel M. Witkowski
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 887-4046
Email: mnicely@akingump.com

*Counsel to NextEra Energy, Inc. and Solar Energy Industries Association*

## CERTIFICATE OF COMPLIANCE

Consistent with Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jonathan T. Stoel, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures.  Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 6,418 words.

Respectfully submitted,

/s/ Jonathan T. Stoel
Jonathan T. Stoel

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited*

Dated: March 18, 2024