IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR INC. AND CONCEPT CLEAN ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; ET AL., <br><br> Defendants, <br><br> and <br><br> AMERICAN CLEAN POWER ASSOCIATION, ET AL., <br><br> Defendant-Intervenors. | Court. No. 23-00274 |

**MOTION TO INTERVENE**
**BY BOVIET SOLAR TECHNOLOGY COMPANY, Ltd.**
**BOVIET SOLAR USA., LTD.**

Pursuant to 28 U.S.C. § 2631(j) and Rules 7(b), 24(b), and 24(c) of the Rules of the United States Court of International Trade ("USCIT R"), Boviet Solar Technology Co., Ltd. ("Boviet Solar"), an exporter of crystalline silicon photovoltaic cells from Vietnam, and Boviet Solar USA., Ltd., a U.S. importer of crystalline silicon photovoltaic cells from Vietnam ("Boviet USA") (collectively "Boviet" or "Movants"), respectfully moves this Court for an order granting Movants' leave to intervene as Defendant-Intervenors in the above-captioned matter. The grounds for this Motion to Intervene are set forth below.

1

**BACKGROUND**

On August 23, 2023, the U.S. Department of Commerce ("Commerce") published its final determination that imports of certain crystalline silicon photovoltaic cells ("CSPVs") completed in Cambodia, Malaysia, Thailand, or Vietnam, that use parts and components produced in China and are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States, are circumventing the antidumping duty ("AD") and countervailing duty orders on solar cells and modules from China. 88 Fed. Reg. 57419 (2023). Notwithstanding that determination, Commerce instructed U.S. Customs and Border Protection ("CBP") not to collect AD/CVD duties on certain certain CSPVs from Cambodia, Malaysia, Thailand, and Vietnam in reliance on Presidential Proclamation No. 10414, Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia, 87 FR 35067 (June 9, 2022) ("Proclamation 10414") and 19 CFR 362.103(b)(1), *i.e.*, the *Solar Duty Suspension Rule*.

Plaintiffs initiated this action under 28 U.S.C. § 1581(i) to enjoin application of the *Solar Duty Suspension Rule* with respect to imports of CSPVs from Cambodia, Malaysia, Thailand, and Vietnam and to compel Commerce to retroactively assess AD/CVD duties on subject merchandise imported on or after the date of Commerce's preliminary affirmative determinations of circumvention with respect to CSPVs from Cambodia, Malaysia, Thailand, and Vietnam.

Boviet USA is a U.S. importer of CSPVs produced in Vietnam and exported to the United States by Boviet Solar during the time-period impacted by Commerce's application of the *Duty Suspension Rule* with respect to CSPVs from Cambodia, Malaysia, Thailand, and Vietnam. Boviet Solar produces CSPVs in Vietnam. Boviet Solar participated in the circumvention inquiry with respect to CSPVs from Vietnam. Though Boviet Solar obtained a negative

determination with respect to circumvention, Boviet USA has some entries of CSPV imports that would be affected by Plaintiff's requested relief in this proceeding.

## DISCUSSION

Section 2631(j)(1) of title 28, United States Code, provides that "Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, …," subject to certain exceptions not applicable in an action brought under 28 U.S.C. § 1581(i).  Section 2631(j)(2) provides that in "those civil actions in which intervention is by leave of court, the Court of International Trade shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In the same manner, USCIT R. 24(b)(1)(B) provides in pertinent part that, on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.  USCIT R. 24(b) further provides that in exercising its discretion to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

In the same manner as the Defendant-Intervenors that have already been granted Defendant-Intervenor status by the Court, Boviet also fulfills these requirements as elaborated below.  Slip. Op. 24-58 at 38-44 (granting defendant-intervenor status under this provision).  The Court should find that Boviet (1) has shown that they would be adversely affected or aggrieved by the outcome of the instant action; (2) shares a common question of law or fact with those of the government; (3) timely filed their motion to intervene; and (4) permitting intervention will not unduly delay or prejudice Plaintiffs in the instant action.  *Id*. (discussing that Defendant-Intervenors fulfill these requirements).

### 1. Boviet Would Be Adversely Affected by the Outcome of the Action

Plaintiffs commenced this action under the putative statutory authority of 28 U.S.C. §1581(i)(1)(B), which confers upon this Court exclusive jurisdiction over civil actions commenced against the United States, its agencies, or its officers arising out of any U.S. law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." Complaint ¶ 2. In the alternative, Plaintiffs cite 28 U.S.C. § 1581(i)(1)(D), which confers upon the Court exclusive jurisdiction over civil actions commenced against the United States, its agencies, or its officers concerning the "administration and enforcement with respect to," inter alia, any U.S. law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." *Id*. In either kind of action, Boviet's interests are at stake here because it is the party that would be liable for the payment of AD/CVD duties if Plaintiffs prevail in this action and obtain their requested relief. Even though Boviet obtained a negative determination in Commerce's circumvention proceeding, Boviet relied on the *Duty Suspension Rule* in making business decisions, including by importing some merchandise that would not be subject to Boviet's negative determination and could thus expose the company to financial liability depending on the relief, if any, entered in the instant action.

In this respect, Boviet is similarly situated to other Defendant-Intervenors. Boviet, as did each Defendant-Intervenor, has now advised this Court of "both its reliance on the *Duty Suspension Rule* in making business decisions and the potential financial ramifications of the instant action." Slip Op. 24-58 at 40. In electing to file certifications authorized by the *Duty Suspension Rule*, Boviet relied on the *Duty Suspension Rule* in making business decisions. Boviet will experience adverse financial ramifications if the *Duty Suspension Rule* is invalidated

in that those entries could be reliquidated with AD/CVD duties in accordance with the Joint Stipulation. Accordingly, this Court should likewise find that Boviet has shown that it "would be adversely affected or aggrieved by the outcome of the instant action." Slip Op. 24-58 at 41.

Relatedly, Boviet's Answer demonstrates that Boviet has standing to participate in this proceeding, as this Court found for the Defendant-Intervenors. Boviet, as with the Defendant-Intervenors, "meet{s} Article III piggyback standing requirements as set out by the Supreme Court and the Federal Circuit to intervene in the instant action because {Boviet} seek{s} the same relief as named defendants and filed their motions to intervene with sufficient pleadings." Slip Op. 24-58 at 30. In particular, Boviet's Answer seeks the same relief as do Defendants – affirming the *Duty Suspension Rule* and dismissing Plaintiff's complaint. *See* Boviet Answer ¶¶ 1-14. Accordingly, this motion "state{s} the movant's standing." Rule 24(c).

### 2. Boviet Has a Defense in Common with Defendants

Boviet participated in the underlying circumvention proceeding, submitted argumentation before Commerce, exported subject merchandise, and participated as a mandatory respondent. Boviet's defenses share law and facts in common with those of the Government. Thus, Boviet shares the Government defendants' interest in opposing Plaintiffs' attempt to nullify the *Duty Suspension Rule*. We also note that, to the extent its interests diverged from the Government defendants, Boviet would defend its differentiated interests in this case.

### 3. Boviet's Intervention Is Timely

This motion is also timely. Unlike intervention in other contexts, such as actions invoking the Court's jurisdiction under 28 U.S.C. § 1581(c), USCIT R. 24(a)(3), this Court's rules do not prescribe a particular timetable for a motion to intervene in this case, *see* USCIT R.

24(b). Instead, like the intervention statute, 19 U.S.C. § 2631(j)(2), Rule 24(b) focuses on whether intervention would "unduly delay or prejudice" the parties. *See* USCIT R. 24(b)(3).

In this case, Boviet's motion is timely because it is being filed before the Defendant-Intervenors' time to file an answer has expired, and because intervention would not delay the proceedings or prejudice the parties, much less "unduly" so. Boviet has attached to this motion an answer that is nearly identical to the joint answer filed by Defendant-Intervenors, meaning Boviet's pleading will not complicate the proceedings by adding to the issues currently before the Court. The motion is also being filed before the commencement of any briefing on the merits of Plaintiffs' claims. If permitted to intervene, Boviet will follow the scheduling order set by this Court, including its briefing deadlines and its admonition to avoid duplication of arguments. ECF 79 (Scheduling Order). Accordingly, Boviet's motion to intervene will not delay the Court's consideration and disposition of this action, and is thus timely.

Boviet also notes that its decision to intervene at this particular time was directly impacted by Auxin's decision to dismiss its § 1581(c) litigation and the Court's opinion denying the motion to dismiss and entertaining potential reliquidation of entries. Boviet had previously intervened in Auxin's § 1581(c) appeal, *Auxin Solar Inc. v. United States*, Case No. 23-00226, and agreed with the Defendant and Defendant-Intervenors in this litigation that § 1581(c) would have been the appropriate provision for adjudicating Auxin's challenge to the *Duty Suspension Rule*. However, after the dismissal of that litigation, *see Auxin Solar Inc. v. United States*, Case No. 23-226, Order (May 10, 2024), ECF 52, denial of the Government's motion to dismiss in this case, and the Court's stipulation regarding reliquidation of entries, Boviet has determined that intervention is necessary to ensure protection of its own unique interests. These are all "unusual circumstances" that plainly militate for a determination that the motion—filed within

30 days of those circumstances arising—is timely. *See Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*, 669 F.2d 703, 707 (1982).

Finally, Boviet notes that while its intervention would impose no prejudice on the parties, even if there were prejudice, it would be minimal and far outweighed by the prejudice to Boviet of denying intervention—another consideration relevant to timeliness. *See id.* at 707 (considering "whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention"). As noted, Boviet will abide by the existing briefing deadlines and the Court's directive to avoid duplication of arguments. Thus, any marginal effect Boviet would have on the progress of this case would be far outweighed by the significant financial implications on Boviet of a decision in Plaintiff's favor.

For these reasons, Boviet's motion is timely.

**4. Boviet's Intervention Will Not Cause Undue Delay or Prejudice**

As discussed above, Boviet's motion to intervene comes at the preliminary stages of the litigation of this civil action and on the date an answer has been filed by Defendant-Intervenors. Thus, intervention by Boviet will not cause any delay in the progress of this action.

Additionally, Boviet's participation in the action will not result in any prejudice to the current parties. Rather, intervention will prevent prejudice to Boviet's interests in the outcome of this litigation. As described above, an injunction preventing application of the *Duty Suspension Rule*, even on a preliminary basis, will have a direct and immediate impact on Boviet because its potential liability for AD/CVD duties will hinge in part on the outcome of this litigation. Similarly, any orders issued by this Court affecting the implementation of the *Duty*

*Suspension Rule* will have an immediate chilling effect on Boviet's ability to sell subject merchandise for export to the United States.

In contrast, the Government defendants have little if any interest in protecting the financial interests of foreign exporters or U.S. importers of subject merchandise. Consequently, the Government may not be inclined to protect those interests vigorously. Intervention by Boviet will insure that its interests will not be inadvertently compromised.

In keeping with USCIT R. 7(b), Boviet sought consent to intervene from the parties participating in this matter. On June 5, 2024, counsel for the Defendants, Doug Edelschick of the U.S. Department of Justice, indicated that the United States takes no position and defers to the Court's judgment with respect to motions to intervene. On June 5, 2024, counsel for Plaintiffs, James E. Ransdell of Cassidy Levy Kent (USA) LLP, indicated that to the extent that the two proposed additional intervenors are held to the same briefing schedule as the eighteen existing intervenors and are likewise required to avoid duplicative arguments and submissions, Plaintiffs defer to the discretion of the court regarding whether the Boviet entities' motion is timely and whether granting permission to intervene would unduly delay or prejudice resolution of Plaintiffs' action. On June 5, 2024, counsels for each Defendant-Intervenor consented to this motion, including counsel to proposed Defendant-Intervenor Jinko.

In keeping with USCIT R. 24(c), Boviet is filing a responsive pleading by filing an answer to Plaintiffs' Complaint with the present motion to intervene. That answer is nearly identical to the joint answer filed by Defendant-Intervenors.

WHEREFORE, for the reasons described in this Motion, proposed Defendant-Intervenor respectfully requests that this Court grant this Motion to intervene in the above-captioned matter.

    Respectfully submitted,

    /s/ Gregory S. Menegaz
    Gregory S. Menegaz
    Alexandra H. Salzman
    J. Kevin Horgan
    **DEKIEFFER & HORGAN, PLLC**
    1156 Fifteenth Street, N.W.
    Suite 1101
    Washington, D.C. 20005
    *Co-Counsel to Proposed Defendant-Intervenors*

    /s/ David M. Morrell
    David M. Morrell
    **Jones Day**
    51 Louisiana Ave. NW
    Washington, DC 20001
    1.202.879.3652
    *Co-Counsel to Proposed Defendant-Intervenors*

Dated: June 6, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| AUXIN SOLAR INC. AND CONCEPT CLEAN ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; ET AL., <br><br> Defendants, <br><br> and <br><br> AMERICAN CLEAN POWER ASSOCIATION, ET AL., <br><br> Defendant-Intervenors. | Court. No. 23-00274 |

## ORDER

Upon consideration of all papers and pleadings had herein, including the Motion to Intervene in the above-captioned matter filed on behalf of Boviet Solar Technology Sdn. Bhd. and Boviet Solar USA., Ltd., it is hereby

**ORDERED** that the Motion to Intervene is granted; and it is therefore

**ORDERED** that Movants shall have the status of party Defendant-Intervenors in this action.

**SO ORDERED.**

Dated: _____, 2024         _____
New York, New York                                   Timothy M. Reif, Judge