# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE TIMOTHY M. REIF

|  |  |
|---|---|
| AUXIN SOLAR INC. and CONCEPT CLEAN ENERGY, INC., | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) |
| UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; and TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, | ) ) ) ) ) ) ) ) |
| *Defendants*, | ) ) |
| and | ) Ct. No. 23-00274 ) |
| AMERICAN CLEAN ENERGY POWER ASSOCIATION; SOLAR ENERGY INDUSTRIES ASSOCIATION; CANADIAN SOLAR (USA) INC., CANADIAN SOLAR INTERNATIONAL; JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LIMITED; NEXTERA ENERGY, INC.; BYD (H.K.) CO., LTD., BYD AMERICA LLC; INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC; TRINA SOLAR (U.S.), INC., TRINA SOLAR SCIENCE & TECHNOLOGY, TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD.; and RISEN SOLAR TECHNOLOGY SDN. BHD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendant-Intervenors*. | ) ) |

## JINKO'S UNOPPOSED MOTION TO INTERVENE

Pursuant to 28 U.S.C. § 2631(j) and 24(b) of the Rules of the U.S. Court of International

Trade, Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited (collectively, "Jinko"), hereby move to intervene as Defendant-Intervenors in the above-captioned case. The reasons in support of this Unopposed Motion are set forth in the attached Memorandum of Law.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak\*
Jordan C. Kahn

GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT LLP

\*599 Lexington Avenue FL 36 New York, NY 10022-7648
212.557.4000
-and-
1201 New York Avenue NW Ste 650
Washington, DC 20005-3917
202.783.6881

*Counsel to Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited*

Dated: June 6, 2024

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| AUXIN SOLAR INC. and CONCEPT CLEAN ENERGY, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES; UNITED STATES DEPARTMENT OF COMMERCE; GINA M. RAIMONDO, SECRETARY OF COMMERCE; UNITED STATES CUSTOMS AND BORDER PROTECTION; and TROY A. MILLER, UNITED STATES CUSTOMS AND BORDER PROTECTION ACTING COMMISSIONER, <br><br> *Defendants*, <br><br> and <br><br> AMERICAN CLEAN ENERGY POWER ASSOCIATION; SOLAR ENERGY INDUSTRIES ASSOCIATION; CANADIAN SOLAR (USA) INC., CANADIAN SOLAR INTERNATIONAL; JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LIMITED; NEXTERA ENERGY, INC.; BYD (H.K.) CO., LTD., BYD AMERICA LLC; INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC; TRINA SOLAR (U.S.), INC., TRINA SOLAR SCIENCE & TECHNOLOGY, TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD.; and RISEN SOLAR TECHNOLOGY SDN. BHD., <br><br> *Defendant-Intervenors*. | Ct. No. 23-00274 |

## MEMORANDUM OF LAW IN SUPPORT OF JINKO's UNOPPOSED MOTION TO INTERVENE

Ned H. Marshak
Jordan C. Kahn

GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT LLP
*599 Lexington Avenue FL 36 New York, NY
10022-7648
212.557.4000
-and-
1201 New York Avenue NW Ste 650
Washington, DC 20005-3917
202.783.6881

*Counsel to Jinko Solar (U.S.) Industries Inc.,
JinkoSolar (U.S.), Jinko Solar Technology Sdn.
Bhd., Jinko Solar (Malaysia) Sdn. Bhd.,
JinkoSolar (Vietnam) Co., Ltd., JinkoSolar
Holding Co., Ltd., Jinkosolar Middle East
DMCC, JINKOSOLAR INVESTMENT
LIMITED (f/k/a Jinkosolar Technology
Limited), and Jinkosolar (Vietnam) Industries
Company Limited*

Dated:  June 6, 2024

**TABLE OF CONTENTS**

I. BACKGROUND ........................................................................................................... 1

    A.    This Appeal ......................................................................................................... 1

    B.    Slip Op. 24-58 ..................................................................................................... 5

II. JINKO SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B) ................. 6

    A.    Jinko Is Similarly Situated with Defendant-Intervenors ................................. 6

    B.    Jinko's Motion is Timely ..................................................................................... 9

III. POSITION OF THE PARTIES ..................................................................................... 11

CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

                                                                              **Page(s)**

**Cases**

*Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*,
   669 F.2d 703 (Fed. Cir. 1982) ............................................................................. 9, 10

*Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*,
   695 F.3d 1310 (Fed. Cir. 2012), *aff'd sub nom. Cal. Steel Indus., Inc. v.
   United States*, 48 F.4th 1336 (Fed. Cir. 2022) ............................................................ 8

**Statutes**

19 U.S.C. § 1318 ............................................................................................................. 2

28 U.S.C. § 1581 .......................................................................................................... 4, 5

28 U.S.C. § 2631 ............................................................................................................. 1

**Rules**

USCIT Rule 7 ................................................................................................................. 1

USCIT Rule 24 ........................................................................................................ *passim*

**Administrative Decisions**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
   from the People's Republic of China: Amended Final Determination of Sales
   at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018
   (Dep't Commerce Dec. 7, 2012) ............................................................................ *passim*

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
   from the People's Republic of China: Countervailing Duty Order*, 77 Fed.
   Reg. 73,017 (Dep't Commerce Dec. 7, 2012) ........................................................ *passim*

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
   from the People's Republic of China: Preliminary Affirmative Determinations
   of Circumvention With Respect to Cambodia, Malaysia, Thailand, and
   Vietnam*, 87 Fed. Reg. 75,221 (Dep't Commerce Dec. 8, 2022) ............................... 3

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
   from the People's Republic of China: Final Scope Determination and Final
   Affirmative Determinations of Circumvention With Respect to Cambodia,
   Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't Commerce
   Aug. 23, 2023) ............................................................................................................ 2, 3

*Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) .......................................................................................... *passim*

*Proclamation 10414: Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067 (June 9, 2022) .......................................2, 3

Pursuant to 28 U.S.C. § 2631(j) and Rule 7 and Rule 24(b) of the Rules of this Court, Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited (collectively, "Jinko"), submit this Memorandum of Law in Support of its Unopposed Motion to Intervene.

## I. BACKGROUND

### A. This Appeal

On January 17, 2024, Plaintiffs filed a Complaint before the Court challenging the rulemaking, determinations, and instructions issued by the U.S. Department of Commerce ("Commerce") concerning the waiver of the collection and assessment of antidumping duties and countervailing duties ("ADD/CVD") on certain Crystalline Silicon Photovoltaic ("CSPV") cells whether or not assembled into modules imported from Cambodia, Malaysia, Thailand, and Vietnam using parts and components from the People's Republic of China ("China"). *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't Commerce Sept. 16, 2022) ("*Duty Suspension Rule*"); Complaint (Jan. 17, 2024), ECF 14, ¶¶ 51-55, 65-71.

Since 2012, CSPV cells and modules from China have been subject to ADD/CVD Orders. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017 (Dep't

Commerce Dec. 7, 2012) ("*China Solar I Orders*").

On April 1, 2022, Commerce initiated an investigation as to whether "solar cells and modules that have been completed in Cambodia, Malaysia, Thailand, or Vietnam ("CMTV"), using parts and components from China, that are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States were circumventing the *China Solar I Orders*. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Apr. 1, 2022). As a result, solar cell and modules from CMTV, entered on and after April 1, 2022, potentially were subject to the *China Solar I Orders*.

On June 9, 2022, the President declared an emergency pursuant to 19 U.S.C. § 1318(a) with respect to threats to the availability of sufficient electricity generation capacity to meet expected customer demand in the United States. *Proclamation 10414: Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (June 9, 2022) ("Proclamation 10414"). Proclamation 10414 authorized Commerce to take action to permit certain CSPV cells and modules to enter into the United States "free of the collection" of ADD/CVD. *Id.*

On August 23, 2023, Commerce issued a final determination concluding that CSPV cells and modules from CMTV were circumventing the *China Solar I Orders*. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam* ("*Final Determinations*")*,* 88 Fed. Reg.

57,419, 57,421-22 (Dep't Commerce Aug. 23, 2023); *see Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam* ("*Preliminary Determinations*"), 87 Fed. Reg. 75,221, 75,223-26 (Dep't Commerce Dec. 8, 2022).

Jinko participated fully in Commerce's Malaysia and Vietnam circumvention inquiries. In the Malysia inquiry, Jinko was selected as a mandatory respondent, and after extensive analysis, Commerce found that Jinko's exports from Malaysia were not circumventing the *China Solar I Orders*. *Final Determinations,* 88 Fed. Reg. 57,419, 57,425-30. In the Vietnam inquiry, Jinko was not selected as a mandatory respondent, but its exports from Vietnam also were determined not to be circumventing the *China Solar I Orders*, provided that wafers used by Jinko to produce cells were not sourced from China. *Id*. at 57,425. As a result, the vast majority of Jinko's CSPV cell and modules exports from CMTV were found to be outside the revised, extended scope of the *China Solar I Orders*. These exports could be entered into the United States free of ADD/CVD, when accompanied by certifications that Jinko exports from Malaysia was subject to a negative determination and/or that Jinko exports from Malaysia and Vietnam were produced using wafers made outside of China. *Final Determinations*, 88 Fed. Reg. at 57,421-22; *Preliminary Determinations,* 87 Fed. Reg. at 75,223-26.

During this same period, Commerce relied on the *Duty Suspension Rule* issued pursuant to Proclamation 10414 to exempt from the collection and assessment of ADD/CVD certain solar cells and modules exported from CMTV which were now subject to the *China Solar I Orders* as a result of its affirmative decision in the circumvention inquiries. *See Final Determinations*, 88 Fed. Reg. at 57,419.

3

Accordingly, when importing CSPV cells and modules from Malaysia and Vietnam during this time period, Jinko had the right to avoid collection and assessment of ADD/CVD by submitting certifications authorized by either the circumvention determinations (*i.e.*, Malaysian exports subject to a negative determination and Malaysian and Vietnam exports with wafers produced outside of China) or the *Duty Suspension Rule*. While Jinko primarily relied on certifications authorized by the circumvention determinations, it also relied on certifications authorized by the *Duty Suspension Rule*. In electing to file certifications authorized by the *Duty Suspension Rule*, Jinko relied on the *Duty Suspension Rule* in making business decisions. Jinko will experience adverse financial ramifications if the *Duty Suspension Rule* is invalidated in that those entries potentially may be reliquidated with ADD/CVD in accordance with the Joint Stipulation. *Id*. at 26-27.

When Commerce's final circumvention determinations were appealed to this Court in October 2023 via 28 U.S.C. § 1581(c), Jinko participated as Defendant-Intervenor to support Commerce's conclusion that Jinko was not circumventing the *China Solar I Orders*. *Auxin Solar Inc. v. United States*, Case No. 23-224, Order (Jan. 19, 2024), ECF 40; *Auxin Solar Inc. v. United States*, Case No. 23-226 (Jan. 19, 2024), ECF 39, Order. These appeals were dismissed in May 2024. *Auxin Solar Inc. v. United States*, Case No. 23-224, Order (May 10, 2024), ECF 51; *Auxin Solar Inc. v. United States*, Case No. 23-226, Order (May 10, 2024), ECF 52.

By contrast, Jinko did not immediately intervene in the instant action, Court No. 23-274. Jinko was of the opinion that immediate intervention was not necessary, because: (1) the Government had challenged the Court's jurisdiction, and a favorable decision on jurisdiction would render intervention moot; (2) the majority of Jinko's entries of CSPV cells and modules from CMTV were not subject to the *China Solar I Orders* inasmuch as Commerce found that:

(a) Jinko's Malaysian exports were not circumventing the *China Solar I Orders*; and (b) Jinko's Malaysian and Vietnamese exports were not circumventing the *China Solar I Orders* when wafers for these exports did not originate in China.

B. **Slip Op. 24-58**

On May 9, 2024, this Court issued Slip Op. 24-58 (May 9, 2024), ECF 75. This ruling denied Defendant's Motion to Dismiss based on jurisdiction: "the court concludes that the instant action could not have been brought under 28 U.S.C. § 1581(c) and falls within the residual jurisdiction of the Court under 28 U.S.C § 1581(i)(1(D) because it pertains to the 'administration and enforcement' of Commerce's circumvention findings." *Id*. at 25-26. Slip Op. 24-58 further granted a Joint Stipulation in lieu of preliminary injunction, stipulating to the Court's authority to grant reliquidation as a form of relief. *Id*. at 26-27. Based on this Joint Stipulation, the possibility exists that the Government will take the position that it has the right to reliquidate Jinko entries which were entered after the circumvention inquiry was initiated – even if such entries fall outside the scope of the *China Solar I Orders.*

Slip Op. 24-58 also authorized the participation of nine proposed Defendant-Intervenors that "are importers who would be liable for the duties, which had been suspended pursuant to the rule suspending liquidation and collection of tariffs and duties issued by Commerce." *Id*. at 4. They were found to "meet Article III piggyback standing requirements as set out by the Supreme Court and the Federal Circuit to intervene in the instant action because proposed defendant-intervenors seek the same relief as named defendants and filed their motions to intervene with sufficient pleadings." *Id*. at 30. Although they were not able to intervene as a right under Rule 24(a), the Court held that they were able to do so via permissive intervention pursuant to Rule 24(b). *Id*. at 32-44. As discussed in Slip Op. 24-58:

- "the court concludes that proposed defendant-intervenors have shown that they would be adversely affected or aggrieved by the outcome of the instant action";

- the court concludes that proposed defendant-intervenors have demonstrated that they share a common question of law or fact with defendants. In addition, proposed defendant-intervenors would defend their differentiated interests in this case";

- "The motions to intervene of proposed defendant-intervenors are timely"; and

- "The reliquidation of entries would affect not only defendants in the instant action, but also proposed defendant-intervenors."

*Id*. at 40-44. Finally, Slip Op. 24-58 ordered that Defendant-Intervenors file their Answer(s) by June 6, 2024. *Id*. at 45.

## II. JINKO SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

The Court may permit a party to intervene if such a party "has a claim or defense that shares with the main action a common question of law or fact." USCIT R. 24(b)(1)(B). If proposed intervenors satisfy the requirements of Rule 24(b)(1)(B), the Court may exercise its discretion to permit intervention. USCIT R. 24(b)(3). As set forth in turn below, Jinko should be authorized to intervene in this appeal because: (a) as an entity that is similarly situated with the nine Defendant-Intervenors, it has standing, would be adversely affected or aggrieved by an adverse ruling; it has common questions of law or fact with the government; and its intervention would not cause undue delay or prejudice; and (b) this motion to intervene is timely.

### A. Jinko Is Similarly Situated with Defendant-Intervenors

As this Court found with respect to Defendant-Intervenors, Jinko should be authorized to intervene because it has standing; would be adversely affected or aggrieved by an adverse ruling; it has common questions of law or fact with the Government; and its intervention would not cause undue delay or prejudice. Slip Op. 24-58 at 40-44.

First, Jinko is similarly situated with respect to the nine Defendant-Intervenors in all

6

material respects. Although Jinko was found by Commerce not to have been circumventing the ADD/CVD orders on CSPV cells and modules from China, it, in fact, entered CSPV cells and modules using certifications authorized by the *Duty Suspension Rule* – making it similarly situated to at least one Defendant-Intervenor in that for certain entries it "could have filed alternative certifications" authorized by the circumvention determinations "that would have exempted {Jinko's} imports from the applicable duties." JA Solar Memorandum of Law in Support of Motion to Intervene (Jan. 26, 2024), ECF 28, at 6.

The Jinko Answer filed herewith demonstrates that Jinko has standing to participate in this appeal, as this Court found for Defendant-Intervenors. Jinko, as with Defendant-Intervenors, "meet{s} Article III piggyback standing requirements as set out by the Supreme Court and the Federal Circuit to intervene in the instant action because {Jinko} seek the same relief as named defendants and filed their motions to intervene with sufficient pleadings." Slip Op. 24-58 at 30. In particular, Jinko's Answer seeks the same relief as do Defendants – affirming the *Duty Suspension Rule*. *Compare* Jinko's Answer (June 6, 2024), at 1-8 *with* Defendants' Answer (May 23, 2024), ECF 76, at 23. Accordingly, this Jinko motion to intervene "state{s} the movant's standing." Rule 24(c).

Jinko, as did each Defendant-Intervenor, advised this Court of "both its reliance on the Duty Suspension Rule in making business decisions and the potential financial ramifications of the instant action." Slip Op. 24-58 at 40. In electing to file certifications authorized by the *Duty Suspension Rule*, Jinko relied on the *Duty Suspension Rule* in making business decisions. Section I.A, *supra*. Jinko will experience adverse financial ramifications if the *Duty Suspension Rule* is invalidated in that those entries could be reliquidated with ADD/CVD in accordance with the Joint Stipulation. Section I.A, *supra*. Accordingly, this Court should likewise find that Jinko has

7

shown that it "would be adversely affected or aggrieved by the outcome of the instant action." Slip Op. 24-58 at 41.

Jinko's Answer establishes that it has common questions of law or fact with the Government. *Compare* Jinko's Answer at 1-8 *with* Defendants' Answer at 1-23. Jinko, as did Defendant-Intervenors, "participated in the underlying administrative proceedings and {its} defense share law and common facts with those of the Government." Slip Op. 24-58 at 42. Moreover, as a Malaysian respondent expressly found not to be circumventing the *China Solar I Orders*, Jinko's "participation could add some material aspect beyond what is already present." *Id*. (quoting *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1318 (Fed. Cir. 2012)), *aff'd sub nom. Cal. Steel Indus., Inc. v. United States*, 48 F.4th 1336 (Fed. Cir. 2022)). Accordingly, this Court should likewise find that Jinko "share{s} a common question of law or fact with defendants. In addition, {Jinko} would defend {its} differentiated interests in this case." *Id*.

Permitting Jinko to intervene would not cause undue delay or prejudice, for the reasons found by this Court with respect to Defendant-Intervenors. As an initial matter, any burden by Jinko's participation is minimal. There would be no delay to the briefing schedule or duplicative briefing, as Jinko agrees to file its "response{} to plaintiffs' motion and supporting brief, which shall omit duplicative arguments as instructed by this Court . . . on or before November 19, 2024." Order, ECF 79 (June 3, 2024). This negligible burden should be weighed "against the effects (including potential reliquidation of entries that remain unliquidated) that {Jinko} may experience if the court decides in plaintiffs' favor." Slip Op. 24-58 at 43. "The reliquidation of entries would affect" Jinko, such that this Court should on balance "determine{} that the intervention . . . would not 'unduly delay or prejudice the adjudication of the original parties

8

rights.'" *Id*. (quoting Rule 24(b)).

   B.   **Jinko's Motion is Timely**

The only material difference between Jinko and Defendant-Intervenors is the amount of time that elapsed before seeking to intervene in this appeal. Jinko submits that its intervention motion remains timely. The Federal Circuit has established the following test for timeliness of motions to intervene:

> {T}he following factors must be weighed:
> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene;
> (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention.
> (3) existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*, 669 F.2d 703, 707 (Fed. Cir. 1982) (citations omitted).

Jinko has been aware of this litigation since early 2024, but only developed the need to intervene after May 9, 2024, when Slip Op. 24-58 issued. Jinko is seeking to intervene within 30 days of this ruling, which constitutes an "unusual circumstance militating for . . . a determination that the application is timely." *Id*. First, the ruling denied Defendants' motion to dismiss; before that ruling, the possibility existed that the case would have been dismissed altogether such that intervention was not necessary. Indeed, the day after Slip Op. 24-58 issued, this Court dismissed the appeals challenging Commerce's circumvention determinations. *Auxin Solar Inc. v. United States*, Case No. 23-224, Order (May 10, 2024), ECF 51; *Auxin Solar Inc. v. United States*, Case No. 23-226, Order (May 10, 2024), ECF 52. Before those consecutive occurrences, Jinko was prepared to defend Commerce's negative circumvention determinations for Jinko's CSPV cells

9

and modules from Malaysia and Vietnam – and reasonably believed that the moratorium issue would most likely be folded into the circumvention appeals, if Defendant's jurisdictional challenge would have prevailed.

This Court finding that jurisdiction lies for this appeal and dismissing the circumvention appeals gave rise to the necessity for Jinko to intervene in this appeal, to best protect its rights. Relatedly, Slip Op. 24-58 ordered the Joint Stipulation, confirming that Jinko, in fact, faced direct risk that its entries utilizing certifications pursuant to the *Duty Suspension Rule* could be reliquidated with ADD/CVD. Finally, Slip Op. 24-58 confirmed that Defendant-Intervenors could in fact intervene; had the Court denied their contested motions, there would not have been any basis to seek intervention.

Allowing Jinko to intervene will not prejudice the rights of any existing parties to this litigation. Jinko's participation will not delay the proceeding, and its intended response brief – which will be informed by its experience as a Malaysian respondent found not circumventing the *China Solar I Orders* – will be limited by this Court's "order{} that duplicative arguments . . . be omitted from the briefs of . . . defendant intervenors." Slip Op. 24-58 at 44. By contrast, Jinko would be extraordinarily prejudiced if it is unable to participate in an appeal which could result in ADD/CVD being assessed on its entries, including those which already have liquidated without ADD/CVD, for which Jinko submitted certifications pursuant to the *Duty Suspension Rule,* notwithstanding that these shipments also qualified as non-subject entries in light of their Malaysian origin and/or their production incorporating wafers sourced from outside China.

In short, this Court should find Jinko's motion to intervene timely filed as within 30 days of Slip Op. 24-58 – an "unusual circumstance militating for . . . a determination that the application is timely," *Sumitomo*, 669 F.2d at 707 – and within the time proscribed for

Defendant-Intervenors to file their Answer(s). A contrary result would cause Jinko to experience severe and disproportionate prejudice.

## III. POSITION OF THE PARTIES

As required by Rule 24(c), counsel for Jinko on June 5, 2024, contacted counsel for all other parties seeking consent for this motion. Counsel for Plaintiffs responded: "To the extent that the nine proposed additional intervenors are held to the same briefing schedule as the eighteen existing intervenors and are likewise required to avoid duplicative arguments and submissions, Plaintiffs defer to the discretion of the court regarding whether the Jinko entities' motion is timely and whether granting permission to intervene would unduly delay or prejudice resolution of Plaintiffs' action." Counsel for Defendant responded: "the Government takes no position and defers to the Court with respect to motions to intervene." Consent was provided by counsel for all Defendant-Intervenors including Canadian Solar, Trina, Invenergy, Risen, American Clean Power Association, BYD, NextEra, Solar Energy Industries Association, and JA Solar, as well as by counsel for proposed Defendant-Intervenor Boviet.

## CONCLUSION

Jinko respectfully submits that it should be permitted to intervene pursuant to Rule 24(b) and that this Court grant its Unopposed Motion to Intervene. A proposed order is enclosed.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak*
Jordan C. Kahn

GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT LLP
*599 Lexington Avenue FL 36 New York, NY
10022-7648
212.557.4000
-and-

Dated: June 6, 2024

1201 New York Avenue NW Ste 650
Washington, DC 20005-3917
202.783.6881

*Counsel to Proposed Defendat-Intervenors Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.), Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited*

# CERTIFICATE OF COMPLIANCE

  As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Ned H. Marshak, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 3,205 words.

June 6, 2024

*/s/ Ned H. Marshak*
Ned H. Marshak
GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT LLP
599 Lexington Avenue FL 36
New York, NY 10022-7648
212.557.4000

*Counsel to Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.), Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited*