

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

June 18, 2025

**VIA CM/ECF**

      Re:    *Auxin Solar Inc. et al v. United States et al*
              Court No. 23-00274

Dear Counsel:

      Oral argument in this action is scheduled for June 26, 2025, at 10:00am ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference. In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below. As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question. To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing. Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument. If counsel experiences any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in. In this case, counsel may also choose to connect with their computer camera but must speak through the telephone. Finally, counsel is instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please be advised that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

      For the oral argument, the court would like parties to focus primarily on the following issues.

I. **Whether the Duty Suspension Rule Violates 19 U.S.C. § 1318(a)**

On the question of whether § 1318(a) authorizes the duty-free importation of CSPV cells and modules, please address any relevant statutory interpretation arguments not raised in the briefs.

II. **Whether Plaintiffs Are Entitled to Injunctive Relief**

    A.    In *SSAB North Am. Div. v. Customs*, this Court held that domestic producer plaintiffs demonstrated irreparable harm because they "derive[d] a *direct competitive benefit* from the proper administration and enforcement of the antidumping laws, and more specifically, *the proper assessment of antidumping duties*" on competing foreign entries. *SSAB North Am. Div. v. Customs*, 32 CIT 795, 799, 571 F. Supp. 2d 1347, 1352 (2008) (emphases supplied).

- Please address whether the *SSAB* Court's reasoning as to domestic producers' irreparable harm is applicable to this case.

    B.    Regarding the balance of harms factor, the *SSAB* Court concluded that "the harm to Plaintiffs in the absence of reliquidation certainly outweighs the administrative inconvenience to Customs caused by reliquidation." *Id.* However, the Court concluded also that "Defendant-Intervenors' interests in the finality of liquidation . . . stand in equipoise with Plaintiffs' interests in the proper administration of the antidumping laws." *Id.*

- Please address how you would propose that the Court weigh the following three factors: (1) plaintiffs' interests in the competitive benefit resulting from properly collected antidumping and countervailing duties; (2) defendants' harm in the form of administrative inconvenience associated with reliquidation; and (3) defendant-intervenors' interests in the finality of liquidation.

    C.    In the Joint Stipulation, dated January 25, 2024, plaintiffs and defendants stipulated that, should plaintiffs prevail on the merits, "the Court has the power to order reliquidation of entries that remain unliquidated as of the date" the court granted the stipulation. Joint Stipulation, ECF No. 19, at ¶ 3. The court granted the Joint Stipulation on May 9, 2024. *See Auxin Solar, Inc. v. United States*, 48 CIT __, 698 F. Supp. 3d 1353, 1364 (2024).

- Please address, should the court find reliquidation an appropriate remedy, whether reliquidation should be limited to entries covered by the Joint Stipulation, and if so, whether the date of the Joint Stipulation or the date of the court's grant is a more appropriate start date.

- In the alternative, if reliquidation is not limited to entries covered by the Joint Stipulation, please address which other date, for example, the date plaintiffs commenced this litigation (December 29, 2023), should limit the scope of reliquidation or whether reliquidation is appropriate as to all entries that entered duty-free in reliance upon the Duty Suspension Rule.

The court prefers to discuss any confidential information all at once, following the public session, at which time those without authorized access to confidential information will be asked to leave the Courtroom or be dropped from the videoconference.

Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

Sincerely,

/s/ Timothy M. Reif

_____

Timothy M. Reif, Judge